DeCATO, Appellant,

v.

GOUGHNOUR et al., Appellees.

[Cite as *DeCato v. Goughnour* (2000), 136 Ohio App.3d 795.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 98CA16.

Decided March 16, 2000.

796

*Lou A. D'Apolito* and *Anthony M. D'Apolito*, for appellant.

*Hamilton DeSaussure*, for appellees.

WAITE, Judge.

This timely appeal arises from the judgment of the Mahoning County Court of Common Pleas following a jury verdict in appellant's favor. Appellant argues that the trial court erred by excluding from evidence certain documents and further erred by overruling appellant's motion for a new trial based on alleged juror misconduct. For all of the following reasons, this court affirms the judgment of the trial court.

On February 2, 1993, Gene DeCato ("appellant"), while working for the Ohio Turnpike Commission, was traveling east on the turnpike when the vehicle he was operating was struck from behind by a tractor-trailer operated by Robert Goughnour and owned by M & C Trucking Company (collectively referred to as "appellees"). As a result of the collision, appellant allegedly suffered serious personal injuries, psychological damage, and incurred medical expenses.

On January 27, 1995, appellant filed a complaint against appellees, alleging that appellees' negligence was the proximate cause of his injuries. Appellant also pursued his available workers' compensation remedies and sought a disability

determination through the Public Employees Retirement Service ("PERS"). Both of these agencies certified a disability.

On March 2, 1995, appellees filed a joint answer denying the allegations contained in the complaint and raising a number of affirmative defenses. Discovery was held and on the eve of trial, appellees filed a motion *in limine* seeking to prevent the admission into evidence of all records from the Bureau of workers' compensation and PERS regarding their certification of appellant's injuries. Although the record contains no reference to any court ruling on appellees' motion *in limine,* appellant suggests that the trial court granted this motion and excluded all of the workers' compensation and PERS records that were "compiled in the ordinary course of business."

Trial commenced and on December 12, 1995, the jury returned a general verdict in favor of appellant in the amount of $15,000. The jury also concluded, however, that appellant was fifty percent comparatively negligent. Therefore, the trial court entered judgment in favor of appellant for $7,500. On December 29, 1997, appellant filed a motion for a new trial based on his allegations of juror misconduct. Specifically, appellant claimed that after the trial he discovered that one of the jurors, Gina Giambattista, was the sister of a close friend of appellant's daughter. Appellant alleged that he was unable to receive a fair trial as a result of Giambattista's failure to disclose this fact during voire dire. The trial court disagreed and denied appellant's motion for a new trial.

It is the trial court's order excluding the workers' compensation and PERS records, as well as the denial of appellant's motion for a new trial, which forms the basis of the present appeal. Appellant's first and second assignments of error provide as follows:

"The trial court committed reversible error by holding records of the Ohio Bureau of Workers' Compensation and the Ohio Public Employee Retirement System to be inadmissible hearsay."

"The trial court abused its discretion by ruling that records of workers' comp [*sic*] and PERS were unduly prejudicial and thus inadmissible."

Both of these assignments of error challenge the trial court's evidentiary ruling pursuant to a motion *in limine* on the admissibility of certain related documents. A trial court's decision to exclude evidence, however, is not grounds for reversal unless the record clearly demonstrates that the trial court abused its discretion in so ruling and that the complaining party has suffered a material prejudice. *Columbus v. Taylor* (1988), 39 Ohio St.3d 162, 164, 529 N.E.2d 1382, 1384–1385. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or

unconscionable. *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875, 880–881.

■ Our review of appellant's first two assignments of error is burdened by appellant's noncompliance with the Ohio Rules of Appellate Procedure. Appellant failed to order a transcript of the trial or of any of the evidentiary rulings at issue pursuant to App.R. 9(B). Appellant also did not avail himself of any of the alternatives to ordering a transcript, such as submitting a statement of the evidence provided by App.R. 9(C) or presenting an agreed statement of the case as allowed by App.R. 9(D). The duty to provide the transcript of the proceedings or an allowable alternative to the transcript falls on appellant because he bears the burden of demonstrating the claimed errors by reference to matters in the record. *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515.

■ In this case, the record contains no indication of any *in limine* ruling by the trial court and no evidence of what the *in limine* motion purportedly addressed. There is absolutely nothing in the record to establish whether appellant even preserved this issue for appeal by objecting to the trial court's ruling. Indeed, the record is silent as to whether there was even a proffer of the evidence or documents appellant argues were wrongfully excluded from evidence.

This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In *J.F. Smith Plumbing & Heating v. McNamara* (Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, 1985 WL 10429, we observed:

"There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court."

Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below. *Holley v. Higgins* (1993), 86 Ohio App.3d 240, 620 N.E.2d 251; *Austin v. Squire* (1997), 118 Ohio App.3d 35, 691 N.E.2d 1085; *Knapp v. Edwards Laboratories* (1980) 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. Accordingly, appellant's first and second assignments of error are overruled.

Appellant's third assignment of error alleges:

"As a result of juror misconduct on the part of juror Gina Giambattista, the appellant suffered prejudicial error resulting in a failure to receive a fair and impartial trial."

■ In this assignment of error, appellant argues that the trial court erred by overruling his motion for a new trial based on his allegations of juror misconduct. Specifically, appellant takes the interesting position that the presence of an alleged personal friend of appellant's family on the jury served to work a material prejudice against him. Appellant contends that prejudice is demonstrated by the fact that Giambattista "was privy to information and material held inadmissible by the court, the records of Workers' Comp and PERS." Curiously, this is the very information which appellant sought to introduce at trial and which was excluded by the trial court. It is that exclusion which appellant challenges in his first and second assignments of error to this court.

Appellant's argument is unpersuasive. Again, appellant's failure to provide this court with a transcript of the trial proceedings prevents us from being able to determine whether this issue has even been preserved for appeal. There is nothing in the record before us to indicate that appellant attempted to challenge, either peremptorily or for cause, Giambattista's presence on the jury.

■ It is important to note that even had this issue been preserved for appeal, it is likely that appellant's argument would still fail. Appellant argues that the misconduct at issue concerns the fact that Giambattista is a friend of appellant's family and that she failed to disclose this during voir dire. This argument, however, raises the question as to why appellant himself did not earlier recognize and disclose this fact to the trial court. The issue was not raised until *after* he received a verdict substantially less than the demand contained in his complaint. It is precisely this type of scenario which led the court in *Lewis v. Pizza Rack, Inc.* (May 23, 1992), Stark App. No. CA–8530, unreported, 1992 WL 71512, to observe that "a party, with knowledge of a juror's misconduct must make a timely objection and is not permitted to take his chances on a favorable verdict and if unfavorable, get a second bite of the apple."

■ Moreover, *assuming arguendo* that appellant did not recognize Giambattista during the four days of trial, appellant has failed to demonstrate how the fact that a family friend who sat on the jury and who allegedly had knowledge of information appellant *sought to have admitted* into evidence prejudiced him. Failing to demonstrate such prejudice, this court will not disturb the trial court's decision to overrule appellant's motion for a new trial. *Wooten v. Hallmark Furniture Mfg. Co.* (Jan. 17, 1995), Clark App. No. 94CA31, unreported, 1995 WL 63809.

Finding no merit in any of appellant's assignments of error, they are each overruled, and the judgment of the Mahoning County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

Cox, P.J., and GENE DONOFRIO, J., concur.