OPINION
Rickey L. Poole appeals from a judgment of the Montgomery County Court of Common Pleas which granted a motion in favor of Becker Motor Sales, Inc. ("Becker") for attorney fees in the amount of $11,145.81.
The record reveals a long procedural history in this case. Specific details of the earlier proceedings can be found in our three previous opinions. See Poole v. Becker Motor Sales, Inc. (Nov. 9, 2000), Montgomery App. No. 18407, unreported; Poole v. Becker Motor Sales, Inc. (Nov. 24, 1999), Montgomery App. No. 17833, unreported; Poole v. Becker Motors, Inc. (Aug. 20, 1999), Montgomery App. No. 17733, unreported. The facts relevant to the portion of the case now before us are as follows.
In October 1995, Poole took two CJ-7 Jeeps to Becker for automotive repair and restoration. Unhappy with Becker's lack of progress on his requested work, Poole filed a complaint against Becker in December 1996, alleging breach of contract, negligence, and violation of the "Ohio Consumer Sales Practices Act." A settlement agreement was reached in that case.
On July 17, 1998, Poole filed another complaint against Becker alleging that Becker had racially discriminated against him during the course of their business transactions. Becker filed a motion for summary judgment and the trial court granted that motion in March 2000.
In May 2000, Becker filed a motion for attorney fees resulting from the discrimination case. A hearing on the motion was held before a magistrate on August 8, 2000. The magistrate granted Becker's motion on September 29, 2000. Poole did not file objections to the magistrate's decision and on October 24, 2000, the trial court adopted the magistrate's decision.
Poole now appeals the trial court's entry adopting the magistrate's decision. He advances two assignments of error on appeal, which we will consider together.
 I. THE TRIAL COURT ERRED IN UPHOLDING THE ASSESSMENT OF ATTORNEY FEES AND COSTS TO PLAINTIFF IN ITS OCTOBER 24, 2000 JUDGMENT ENTRY[.]
 II. THE COURT ERRED IN ASSESSING EXCESSIVE AND UNREASONABLE ATTORNEY FEES[.]
Poole raises two arguments regarding the trial court's assessment of attorney fees. Before addressing Poole's arguments, however, we must address the procedural issues that are raised by Becker.
"A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53]." Civ.R. 53(E)(3)(b); State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52,53-54, 723 N.E.2d 571, 572-573; Swartzbaugh v. Swartzbaugh (Apr. 14, 2000), Montgomery App. No. 17855, unreported. "The failure to comply with Civ.R. 53 precludes relief from this court in the absence of civil `plain error.'" Anderson v. Steele (Apr. 14, 2000), Montgomery App. No. 17992, unreported. Civil plain error is error which seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the judicial process itself. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122-123, 679 N.E.2d 1099,1104; Hulcher v. Hulcher (May 5, 2000), Montgomery App. No. 17956, unreported.
As we stated, supra, Poole did not file objections to the magistrate's decision. Thus, unless the trial court committed civil plain error, we must affirm its judgment. A determination of whether the trial court committed plain error is hampered, however, by Poole's failure to order a transcript of the attorney fees hearing below pursuant to App.R. 9(B). He also failed to utilize any of the alternatives to ordering a transcript, such as submitting a statement of evidence pursuant to App.R. 9(C) or presenting an agreed statement of the case pursuant to App.R. 9(D).
It is an appellant's duty to order and file a transcript of the proceedings below or to provide an allowable alternative to the transcript because he has the burden of demonstrating his alleged errors by reference to the materials in the record. DeCato v. Goughnour (2000),136 Ohio App.3d 795, 799, 737 N.E.2d 1042, 1045. When an appellant fails to provide us with a transcript or acceptable alternative, "there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." Id.
Because Poole failed to order and file a transcript of the hearing below, we must affirm the trial court's award of attorney fees to Becker. The first and second assignments of error are overruled.
The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.