This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Harry P. Russell (hereinafter "Russell"), appeals the trial court finding Russell in contempt of its previous order and the penalties imposed as a result. For the following reasons, we affirm the decision of the trial court.
On April 11, 1994, the State filed a complaint against Russell for violating a local zoning ordinance by establishing, maintaining, and expanding an automobile graveyard and junk yard on his property. The trial court heard the matter on March 28, 1995, and in its July 11, 1995 Judgment Entry found Russell guilty of violating the ordinance. The court fined Russell $2,500, but suspended $2,400 of the fine provided Russell bring his property into compliance with the ordinance within sixty days. In its January 2, 1997 Judgment Entry, the court found Russell did not comply with the ordinance and imposed the balance of the fine. Russell failed to pay that fine and, on March 11, 1998, the trial court issued an order to show cause. After a hearing, the trial court's June 4, 1998 Judgment Entry found Russell in contempt for failing to comply with the January 2, 1997 order, sentenced Russell to thirty days in jail and imposed a $250 fine.
Subsequent to this order, Russell filed various motions which culminated in an agreement between Russell and the State, adopted by the court on August 10, 1998, which suspended further execution of the sentence provided Russell bring his property into compliance by January 4, 1999. In its Final Report filed on March 30, 1999, the Austintown Zoning Office reported Russell had not yet brought his property into compliance. The trial court heard the matter, and on September 7, 1999 found Russell had not complied with the August 10, 1998 order, ordered Russell to serve the remaining twenty days of his sentence and to pay the $250 fine previously imposed.
We affirm the trial court's decision because Russell failed to provide a transcript of the trial court's proceedings, thereby preventing this court from conducting a meaningful review of those proceedings in the context of the assigned error.
Russell's sole assignment of error argues:
 "This case involves criminal contempt. The court below erred in holding Harry Russell in contempt since the evidence showed Harry's [sic] Russell's property complied with the applicable provisions of the Austintown Township Zoning Code. There was no proof beyond a reasonable doubt that Harry Russell violated a valid court order."
In order to decide whether the evidence is sufficient to find a fact is beyond a reasonable doubt, an appellate court must be able to review the trial court's proceedings. App.R. 9 and 10 dictate that "[t]he duty to provide a transcript for appellate review falls on the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." Knapp v. Edwards Laboratory
(1980), 61 Ohio St.2d 197, 199. In DeCato v. Goughnour (2000),136 Ohio App.3d 795, we held:
 "This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In J.F. Smith Plumbing Heating v. McNamara (Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, 1985 WL 10429, we observed: `There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court.' Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato at 799.
Even "[a] criminal defendant must suffer the consequences of non-production of an appellate record when such non-production is caused by his or her own actions." State v. Jones (1994), 71 Ohio St.3d 293,297. Therefore, this court must presume the validity of the trial court proceedings and affirm the judgment below.
Russell points to a deposition taken of Austintown Zoning Inspector Michael Kirilla in a separate case where Mr. Kirilla states that, as of the show cause hearing before the June 4, 1998 Judgment Entry, Russell's property was "[a]lmost 100 percent" in compliance. Obviously the trial court concluded in its June 4, 1998 entry Russell was not in compliance, nor is that judgment at issue in this appeal. The question before us is whether Russell's yard was in compliance with the trial court's August 10, 1998 Judgment Entry. There is no record before us to review in order to determine whether or not Russell complied with the August 10, 1998 order.
Based upon the foregoing, Russell's assignment of error is meritless and the judgment of the trial court is affirmed.
DONOFRIO, J. and WAITE, J., Concurs.