[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
This appeal arises from the judgment of the trial court granting the motion of the intervenor-appellant, the Cincinnati Enquirer ("Enquirer"), to intervene and granting in part its motion to release documents from a sealing order. On appeal, the Enquirer argues that the trial court erred by ordering the release of only certain records.
In April 2000, plaintiff-appellee, Norma Rashid, a former television news reporter, filed a lawsuit against her former employer, defendant Hearst-Argyle Stations, Inc. In response, Hearst-Argyle filed counterclaims against Rashid. In the course of discovery, the record was sealed pursuant to a stipulated protective order negotiated between the parties. In October 2001, all claims against Rashid and Hearst-Argyle were dismissed with prejudice.
In October 2001, the Enquirer filed a motion to intervene and to seek relief from the order sealing the record. Rashid filed a memorandum in opposition.[1] According to the parties, the trial court held an in camera hearing on the motion. At that time, the record was apparently divided into three boxes labeled A, B, and C. In its entry granting the Enquirer's motion to intervene and releasing part of the record from seal, the court considered four court exhibits:
 A letter dated December 13, 2001, explaining the organization of the record in the underlying action. That letter is marked "Court Exhibit `A';"
 A certified copy of the case docket. That document is marked "Court Exhibit `B';"
 A copy of the docket with markings identifying the "location" of the pleadings. That document is marked "Court Exhibit `C';"
 A letter dated November 5, 2001, from the Common Pleas Court Administrator to the Court describing the process that resulted in the records being sealed in the underlying action. That record is marked "Court Exhibit "D."
 Upon considering the documents grouped into boxes A, B, and C, the balancing test set forth in Adams v. Metallica,[2] and R.C. 149.43, the trial court released Court Exhibit B (a certified copy of the docket) and the contents of Box C to the public.
On appeal, the Enquirer basically challenges in its sole assignment of error the trial court's decision to unseal only part of the record. The Enquirer argues that all the documents included in the record were not trial-preparation materials and should have been made part of the public record. The Enquirer further argues that Rashid had the burden of demonstrating a compelling interest for sealing the record. Also, the Enquirer maintains that the court record could not be sealed by agreement of the litigants or administrative decree.
At the outset, we note that while the court's administrator apparently made a preliminary decision about what documents should be sealed, the trial court ultimately decided which documents should be sealed. Therefore, we find no basis to the Enquirer's argument that the administrator himself sealed the record and limit our review to whether the trial court erred in sealing part of the record.
Our review, however, is burdened by the fact that the record is no longer divided into boxes A, B, and C. As a result, we are unable to ascertain which documents the trial court sealed. While counsel attempted to correct this problem by stipulating that all evidence contained in boxes A and B should be transmitted to this court, the stipulation apparently only resulted in the admission of exhibits from boxes B and C. Further, the stipulation did not provide an explanation as to which exhibits were sealed in boxes A and B. Rashid's attorney has submitted a copy of court exhibit C, but because this document was not made a part of the record by either a time stamp or a stipulation, we cannot consider it. Finally, without court exhibit C, we are unable to determine if those sealed documents comprise all of the documents sealed by the court in boxes A and B. Given the lack of explanation in the stipulation, we are unable to determine which documents have been sealed because the evidence can no longer be related to box A, B, or C.
As the appellant, the Enquirer bears the burden of demonstrating the claimed errors by reference to matters in the record.[3] The transcript of the proceedings before the trial court in December 2001 has not been included in the record on appeal. The transcript may have shed light on which documents were sealed. Further, court exhibits A, B, C, and D, which the court relied upon in reaching its decision, has not been included in the record for review. Without a complete record, we are unable to effectively review the judgment of the trial court for error. Accordingly, we must presume the validity of the trial court's proceedings and affirm the judgment below.[4] Accordingly, the Enquirer's assignment of error is overruled.
The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] Hearst-Argyle Stations, Inc., did not file a memorandum in opposition and took no position on the motion.
[2] (2001), 143 Ohio App.3d 482, 758 N.E.2d 286.
[3] See DeCato v. Goughnour (2000), 136 Ohio App.3d 795, 799,737 N.E.2d 1042.
[4] See e.g., Holley v. Higgins (1993), 86 Ohio App.3d 240, 246-247,620 N.E.2d 251; Austin v. Squire (1997), 118 Ohio App.3d 35, 37-38,691 N.E.2d 1085; Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384.