{¶ 1} This timely appeal comes for consideration upon the record in the trial court and Appellant's brief. Appellee did not file a brief in this matter. Defendant-Appellant, Marlayna Thomas, appears pro se and appeals the decision of the Jefferson County Court of Common Pleas, Domestic Relations Division, that granted a divorce between her and Plaintiff-Appellee, Thomas Thomas, distributed property between the parties, and ordered Thomas to pay Marlayna spousal support for one year. In her brief, Marlayna challenges both the trial court's distribution of the marital property and its award of spousal support. Because Marlayna has failed to properly provide this court with a transcript of the trial court proceedings or a brief in accordance with the Appellate Rules, we are forced to presume the regularity of those proceedings and affirm the trial court's decision.
 {¶ 2} Thomas filed a complaint seeking a divorce from Marlayna. Subsequently, Marlayna filed a pro se document that could be interpreted as a counter-claim for divorce. The trial court heard the case, issued its findings of fact and its judgment and decree of divorce. In that judgment, the trial court distributed the parties' property and ordered Thomas to pay Marlayna spousal support for one year. Marlayna timely appealed that decision.
 {¶ 3} On November 13, 2001, Marlayna filed her brief with this court. Her brief consists of a page entitled "Objections to Findings of Fact" and what appears to be numerous copies of documents not found in the record. As this brief fails to present any "assignments of error" or other statements that could be construed as assignments of error, it is difficult to determine exactly what error Marlayna is asserting. Marlayna also filed a document with this court titled "Enclosures" on December 7, 2001, which appears to be a photocopied version of the trial transcripts containing handwritten annotations along with her "corrections" to those transcripts.
 {¶ 4} On July 10, 2002, we issued a journal entry informing Marlayna that her filings had failed to comply with the Appellate Rules, directing her attention to App.R. 9, 10, 11, 16, and 18. In that entry, we granted her thirty days to comply with those Appellate Rules. We received Marlayna's response on July 22, 2002. In that response, Marlayna states she filed her brief on November 13, 2001, and the trial transcripts on December 7, 2001. She requests that if these documents are no longer in the file, then she be allowed to resubmit them for appellate review.
 {¶ 5} Marlayna appears to believe our journal entry indicates this court does not have copies of the documents she filed. This is incorrect. The file contains all of the documents she has filed, including the brief she filed on November 13, 2001, and the "Enclosures" document she filed on December 7, 2001. As our journal entry clearly stated, the filings we received from Marlayna fail to comply with the Appellate Rules.
 {¶ 6} We initially note that Marlayna's "brief" simply fails to comply with virtually every rule regarding the form and content of an appellate brief. That document is disjointed, confused, and rambling, rendering it extremely difficult to understand exactly what alleged error Marlayna is complaining about. For instance, it does not provide this court with any issues presented for review; does not describe in an understandable manner the facts of the case or what happened at the trial court level; and, fails to set forth any assignments of error, arguments supporting any possible assignments of error, or citations to either authority or the record supporting those arguments. See App.R. 16(A). Simply stated, there is almost no way to know, from reading this "brief" what happened at the trial court or why Marlayna is objecting to the actions the trial court took. However, after examining the record, it appears Marlayna is challenging the trial court's distribution of the marital property and its award of spousal support.
 {¶ 7} As it is still possible for this court to understand what errors Marlayna must be complaining about after we review the record, Marlayna's failure to comply with App.R. 16, although serious, it is not as fatal to her appeal as her failure to properly provide this court with transcripts of the trial court's proceedings. In order for this court to determine whether the trial court erred in distributing the marital property and awarding spousal support, it is imperative that we be able to review the evidence provided to the trial court. It is impossible for us to review that evidence without a properly filed transcript.
 {¶ 8} When a party seeks an appeal, that party bears the burden of demonstrating error by reference to the record of the proceedings below and it is their duty to provide the reviewing court with an adequate transcript. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 15 O.O.3d 218, 400 N.E.2d 384. App.R. 9 contains the procedures for making the transcript, or a suitable alternative, a complete part of the record. In the absence of a complete record, it is impossible for this court to review any assignments of error dealing with the evidence presented at the hearing. DeCato v. Goughnour (2000), 136 Ohio App.3d 795,799, 737 N.E.2d 1042. In that case, this court is forced to presume the validity of the trial court proceedings and affirm the judgment below. Id.
 {¶ 9} What Marlayna has provided to this court fails to comply with the requirements of App.R. 9. App.R. 9(B) requires, among other things, the exhibits introduced into evidence and that the court reporter certify whether it is a complete or partial transcript, and, if partial, indicate the parts included and the parts excluded, as well as certify the transcript's accuracy. These are all missing from the document Marlayna filed with this court. These omissions are not trivial. For instance, without the court reporter's certification, this court has no guarantee that the record accurately and completely reflects what actually occurred at the proceedings.
 {¶ 10} Marlayna may argue that her lack of compliance with App.R. 9 is due to her belief that the transcripts she has provided to this court contain many inaccuracies which need to be corrected. She did provide us with annotated copies of what appear to be transcripts of the trial court's proceedings along with a document stating where she thought the transcripts inaccurately reflected what actually happened in the trial court. However, this is not an excuse we may accept. App.R. 9(E) provides that, should there be any disagreement as to the accuracy of the record, such disagreement must be resolved before the trial court. The reason for this is obvious. The parties and the trial court witnessed the trial court's proceedings and would be the only people in a position to judge the accuracy of the record. See Greenwood Auto, Inc. v. Olszak
(July 5, 1996), 11th Dist. No. 95-T-5361.
 {¶ 11} Marlayna's pro se status does not excuse her failure to properly file a transcript of the trial court's proceedings. Appellate courts generally indulge a pro se litigant when there is some semblance of compliance with the Appellate Rules. See State v. Glasure (May 23, 2000), 7th Dist. No. 724. The reason for this indulgence is that, in the interest of justice, we prefer to decide cases on their merits rather than upon violations of technical rules. Davis v. Immediate MedicalServices, Inc. (1997), 80 Ohio St.3d 10, 15, 684 N.E.2d 292. That indulgence is exemplified by our July 10, 2002 journal entry notifying Marlayna of her failure to comply with the Appellate Rules and providing her with the opportunity to remedy that failure. However, the Appellate Rules exist for a reason and their integrity is dependent upon consistent enforcement. Id. As pro se litigants are presumed to have knowledge of correct legal procedure, the Appellate Rules apply equally to the most learned legal counsel and the pro se litigant. Kilroy v. B.H. LakeshoreCo. (1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171; State v. Farley
(Dec. 21, 1999), 7th Dist. No. 95 CO 57.
 {¶ 12} Marlayna's failure to properly provide this court with a complete record of the trial court proceedings prevents us from being able to address the merits of her appeal. We are forced to presume the validity of the trial court's proceedings and affirm its decision. Accordingly, we find Marlayna's assignments of error meritless and affirm the trial court's decision.
Vukovich, P.J., concurs.
Waite, J., concurs.