OPINION
{¶ 1} Defendant-appellant, John J. Connors ("Connors"), appeals from the April 26, 2002 entry of the Franklin County Municipal Court overruling his motion for relief from judgment. For the foregoing reasons, we affirm the decision of the trial court.
 {¶ 2} On February 27, 2001, appellee, Sidney Lewis ("Lewis"), filed a complaint against Connors alleging legal malpractice. Lewis hired Connors to represent him in a personal injury and medical malpractice case against Kentucky Fried Chicken. According to Lewis, Connors failed to perform the services for which he was hired by handling the case in a negligent manner. As a result, Lewis alleged that he suffered damages in the amount of $15,000.
 {¶ 3} Connors failed to file an answer. On June 18, 2001, Lewis filed a motion for default judgment. The trial court, upon finding that Connors was appropriately served, but failed to move, plead or otherwise defend in the matter, set the matter for a damages hearing.
 {¶ 4} On November 8, 2001, the damages hearing was conducted before a magistrate. Connors again failed to appear. Based on the evidence Lewis introduced at the hearing, the magistrate recommended judgment in the amount of $15,000. On November 9, 2001, the trial court adopted the magistrate's decision.
 {¶ 5} On March 4, 2002, Connors filed a motion to vacate judgment alleging clerical mistakes and/or errors.[1] Connors alleged he did not receive notice of the damages hearing. On March 12, 2002, Lewis filed a memorandum contra to Connors' motion to set aside default judgment. Connors' motion was heard before the trial court. Both parties appeared. On April 26, 2002, the trial court overruled Connors' motion. It is from this judgment that Connors appeals, assigning the following as error:
 {¶ 6} "The trial court misinterpreted appellant's claim of error or mistakes on the part of the clerk and consequently failed to apply the relevant law to the case which resulted in prejudicial error to the appellant entitling him to judgment in his favor as a matter of law."
 {¶ 7} In his sole assignment of error, Connors alleges that the trial court erred in failing to grant his motion for relief from judgment pursuant to Civ.R. 60(B)(4).
 {¶ 8} An appellate court will not disturb an order denying relief from judgment unless the trial court has abused its discretion. Associated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion implies a decision that is without a reasonable basis or is clearly wrong. Pembaur v. Leis (1982), 1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995), 106 Ohio App.3d 562, 565; and In re Ghali (1992), 83 Ohio App.3d 460, 466.
 {¶ 9} The requirements for prevailing on a Civ.R. 60(B) motion are set forth in paragraph two of the syllabus of GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146:
 {¶ 10} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} Turning to the facts of this instant appeal, we must examine whether Connors met the first prong of GTE. This factor requires the movant to initially allege operative facts, which would support a defense to the judgment. Connors states that he should be entitled to relief because he did not receive notice of the damages hearing. In a motion for relief from judgment, the moving party is not compelled to prevail upon an asserted claim or defense, which has not yet been litigated. The movant is only obliged to allege a claim or defense, which has potential merit. Moore v. Emmanuel Family Training Center, Inc. (1985), 18 Ohio St.3d 64, 67. Furthermore, this standard does not impute an evidentiary burden upon the moving party beyond the requirement that the material submitted set forth the operative facts of the claim or defense. Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16, citing Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105.
 {¶ 12} A review of the record demonstrates that at the oral hearing on Connors' Civ.R. 60(B) motion, he testified that service was unsuccessful regarding notice of the damages hearing. (Tr. 6.) Civ.R. 55(A) provides that if a party against whom a default judgment is sought has appeared in an action, that party shall be served with written notice of the application for judgment at least seven days prior to the default hearing. The record demonstrates that Connors "failed to plead or otherwise defend" in the action and, thus, he was not entitled to notice. See AMCA Intern. Corp. v. Carlton (1984), 10 Ohio St.3d 88; Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hosp. Ass'n. (1986),28 Ohio St.3d 118. Because Connors entered no appearance of any kind in the present case after being duly served with the summons and complaint in accordance with the civil rules, he was not entitled to notice of the default proceedings. Sexton v. Sugar Creek Packing Co. (1974),37 Ohio St.2d 58, 59. We conclude that Connors did not sufficiently allege and support that he had a viable defense and, therefore, the first prong of GTE has not been met.
 {¶ 13} The second prong of GTE requires that the movant demonstrate that he was entitled to relief under one of the provisions of Civ.R. 60(B)(1) through (5). Connors asserts he is entitled to relief under Civ.R. 60(B)(4).
 {¶ 14} Civ.R. 60(B)(4) provides in pertinent part:
 {¶ 15} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application * * *."
 {¶ 16} While Connors contends in his brief that he is entitled to relief under Civ.R. 60(B)(4), it is not clear on what grounds Connors asserts this relief is warranted. In Kleemeyer v. Hummel (May 6, 1996), Brown App. No. CA95-10-017, the court noted that "Civ.R. 60(B)(4) applies to judgments which have become inequitable as a result of subsequent events." Accordingly, "[e]vents occurring prior to the entry of the judgment cannot be relied upon as grounds to vacate a judgment pursuant to Civ.R. 60(B)(4)." Id.
 {¶ 17} Civ.R. 60(B)(4)'s "no longer equitable" language refers to situations when a person has been "prospectively subjected to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp (1986), 24 Ohio St.3d 141, paragraph one of the syllabus. The moving party must prove the occurrence of specific events after the judgment, which had an adverse effect on the prospective application of the judgment. Young v. Young (Dec. 22, 1988), Franklin App. No. 88AP-50.
 {¶ 18} In this case, Connors has failed to demonstrate specific events that occurred after the judgment, which adversely affected the fair application of the judgment. As such, we conclude that Connors did not demonstrate that he was entitled to relief under Civ.R. 60(B)(4), and that, therefore, the second prong of GTE has not been met.
 {¶ 19} Finally, the remaining issue is whether Connors' motion was made within a reasonable time. The trial court's judgment entry overruling Connors' Civ.R. 60(B) motion is silent as to whether the motion was filed in a reasonable time. The trial court is entitled to a presumption of correctness and a presumption that the trial court knew the law and acted accordingly. Fletcher v. Fletcher (1994), 68 Ohio St.3d 464,468. A reviewing court will presume the validity of a judgment as long as there is evidence in the record to support it. Id. "One fact to consider is the movant's failure to give an explanation for the delay in bringing the motion." Mullins v. Wolford (Aug. 18, 1997), Jackson App. No. 96 CA 789. See, also, Horner v. Lane, Alton Horst (Nov. 29, 1994), Franklin App. No. 94APE05-724 ("In the absence of sufficient evidence explaining the delay, plaintiff has failed to demonstrate the timeliness of his motion"). The determination of whether such a motion is filed within a reasonable time depends upon the facts of each case. Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152, 155; City of Middletown v. Campbell (1984), 21 Ohio App.3d 63, 65.
 {¶ 20} In this case, there is evidence in the record to support that the Civ.R. 60(B)(4) motion was untimely filed. At the hearing on Connors' motion, Connors did not provide any testimony concerning the timeliness of his motion. Connors gave no explanation of why he failed to file the motion in a more reasonably timely manner. Connors filed the motion over nine months after the trial court's June 21, 2001 judgment. Although a nine-month time interval between a judgment and a motion for relief from the judgment may result in a determination that the motion was filed within a reasonable time, under the particular facts and circumstances of this case, we cannot say that the trial court's judgment overruling appellant's motion was unreasonable, arbitrary or unconscionable. We may presume that this fact was, at least in part, the basis for the trial court's decision to overrule the motion. Therefore, we conclude that Connors has not fulfilled the third prong of GTE.
 {¶ 21} Additionally, Connors alleges that based on the evidence presented at the damages hearing, Lewis is not entitled to judgment in the amount of $15,000. We note that Connors failed to file a transcript of the damages hearing. It is an appellant's duty to order and file a transcript of the proceedings below or to provide an allowable alternative to the transcript because the appellant has the burden of demonstrating any alleged errors by reference to the materials in the record. DeCato v. Goughnour (2000), 136 Ohio App.3d 795, 799. When an appellant fails to provide us with a transcript or acceptable alternative, "there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." Id. Because Connors failed to order and file a transcript of the damages hearing below, we must affirm the trial court's award of judgment to Lewis.
 {¶ 22} Based on the foregoing, Connors' sole assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.
[1] Connors failed to state in his motion what subsection or subsections of Civ.R. 60(B) that entitled him to relief.