OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellants, Joseph Zdrilich, Erica Zdrilich and The American Insurance Company appeal the judgment of the Mahoning County Court of Common Pleas which granted judgment in favor of Appellee, John Bartolo, on Bartolo's third-party counterclaims against Appellants. We are asked to decide whether the evidence at trial supports the trial court's findings. Appellants have failed to file a transcript of proceedings. Thus, we must presume the regularity of the trial court's proceedings and affirm its decision.
 {¶ 2} Dr. Stephen Salcedo and Janice Salcedo filed a complaint against Joseph, Erica, and Midland Title Security, Inc. The Zdriliches answered that complaint and filed a claim against a third-party defendant, Bartolo, claiming damages for slander of title. They then amended their answer and claim. Bartolo answered the amended claim and asserted counterclaims against Appellants. Bartolo's claims against Appellants were bifurcated from the other and were tried to the court. Subsequently, the trial court entered judgment for Bartolo. It is this judgment that Appellants timely appeal.
 {¶ 3} Appellants argue two assignments of error on appeal as follows:
 {¶ 4} "It was error for the trial court to determine that the alleged oral contract between the parties could have been performed within one year and was therefore not subject to the statute of frauds."
 {¶ 5} "The award of damages was not supported by the evidence."
 {¶ 6} Appellants' brief relies on a transcript, but they have failed to file a copy with this court. Bartolo raised this failure in its merit brief. Appellants then moved to supplement the record with a copy of that transcript. We granted that motion, allowing Appellants ten days to file the transcript already prepared. Appellants failed to file the transcript within the prescribed period.
 {¶ 7} Whenever an appellant's assignments of error are based on the evidence produced at trial, the appellant must provide the appellate court with a record to review. State v. Budrovic (Oct. 31, 2001), 7th Dist. No. 00 CA 5. App.R. 9 specifies how a transcript of the evidence or some acceptable alternative must be filed. Appellants have failed to file either a transcript or an App.R. 9 alternative.
 {¶ 8} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218,400 N.E.2d 384.
 {¶ 9} "This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In J.F. Smith Plumbing Heating v. McNamara
(Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, we observed: `There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court.' Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato v. Goughnour (2000),136 Ohio App.3d 795, 799, 737 N.E.2d 1042.
 {¶ 10} As each of Appellants' assignments of error deal with the evidence produced at trial and this court has no way to review that evidence, we must presume the regularity of the trial court's proceedings.
 {¶ 11} Accordingly, Appellants' assignments of error are meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Reader, J., Retired of the Fifth District, Sitting by Assignment, concurs.