OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Patrick Williams, appeals the decision of the Steubenville Municipal Court, Jefferson County, Ohio that adopted a magistrate's decision granting judgment in favor of Plaintiff-Appellee Joseph Pasquarella, in an action in forcible entry and detainer. We would have to review a transcript of the hearings held before the magistrate and the trial court to substantively deal with the merits of his arguments. Williams, acting pro se, has not ordered a transcript of either hearing because, as he stated on his praecipe, he believes no transcript is required. Without such a transcript, we must presume the regularity of the trial court's actions and affirm its decision.
 Facts {¶ 2} Pasquarella filed a complaint in forcible entry and detainer against Williams, claiming that Williams had not paid three months of rent. Williams answered the complaint, raising a variety of affirmative defenses and a counterclaim. A magistrate heard the matter and rendered a decision in favor of Pasquarella. Williams objected to the magistrate's decision, so the trial court also heard the matter. After that hearing, the trial court rejected each of Williams' affirmative defenses and his counterclaim and entered judgment in favor of Pasquarella. It is from this judgment that Williams timely appeals.
 Lack of a Transcript {¶ 3} Williams argues the following four assignments of error on appeal:
 {¶ 4} "The trial court erred in not declaring lease unenforceable due to appellee's violation of Steubenville City Code 1325.01."
 {¶ 5} "The trial court erred in denying any attempt to introduce evidence in violation of Ohio Rules of Evidence, Article IV, Rule 402."
 {¶ 6} "The trial court erred in denying that the eviction notice is defective due to the the [sic] fact that the legal description of property is improper."
 {¶ 7} "The trial court erred in denying discrimination although another tenant withheld rent for a longer period without any court action taken."
 {¶ 8} These assignments of error each rely either on facts that were introduced in the hearings before the magistrate and trial court or on the actions the magistrate and trial court took at those hearings. For instance, Williams' first assignment of error is based in part upon his allegation that Pasquarella did not display a certificate of occupancy, a fact that would have to be proven at a hearing. His second assignment of error addresses the trial court's decision not to admit certain evidence, a fact that could only be demonstrated by a transcript of the hearing. Williams' third assignment of error requires that he prove the legal description of the property is improper, something which only could be proven at a hearing. And his fourth assignment of error argues that he was discriminated against since another tenant was not evicted for failing to pay rent, a fact that would have to be proven at a hearing. But Williams has failed to provide this court with a transcript of those hearings.
 {¶ 9} Whenever an appellant's assignments of error are based on the evidence produced at trial, the appellant must provide the appellate court with a record to review. State v. Budrovic, 7th Dist. No. 00 CA 5, 2001-Ohio-3437. App.R. 9 specifies how a transcript of the evidence or some acceptable alternative must be filed. Williams has failed to file either a transcript or an App.R. 9 alternative.
 {¶ 10} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 11} "This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In J.F. SmithPlumbing Heating v. McNamara (Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, we observed: `There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court.' Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato v. Goughnour (2000),136 Ohio App.3d 795, 799.
 {¶ 12} Williams' pro se status does not excuse his failure to properly file a transcript of the trial court's proceedings. Appellate courts generally indulge a pro se litigant when there is some semblance of compliance with the Appellate Rules. SeeState v. Glasure (May 23, 2000), 7th Dist. No. 724. The reason for this indulgence is that, in the interest of justice, appellate courts prefer to decide cases on their merits rather than upon violations of technical rules. Davis v. ImmediateMedical Services, Inc. (1997), 80 Ohio St.3d 10, 15. But the Appellate Rules exist for a reason and their integrity is dependent upon consistent enforcement. Id. As pro se litigants are presumed to have knowledge of correct legal procedure, the Appellate Rules apply equally to the most learned legal counsel and the pro se litigant. Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363; State v. Farley (Dec. 21, 1999), 7th Dist. No. 95 CO 57.
 {¶ 13} Williams' failure to provide this Court with transcripts of the hearings before the magistrate and the trial court prevents us from being able to address the merits of his appeal. We must presume the validity of the trial court's proceedings and affirm its decision.
 {¶ 14} Accordingly, Williams' assignments of error are meritless and the judgment of the trial court is affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.