OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and Appellant's brief. Defendant-Appellant, Terry Vahila, pro se appeals the decision of the Carroll County Court that entered judgment in favor of Plaintiff-Appellee, Cory Williams, and denied Vahila's motions for relief from judgment and for a stay. Vahila raises three issues on appeal: that the trial court erred by not ruling on her motion to dismiss the case, that the trial court erred by not ruling on her counterclaim, and, that the trial court erred when denying her post-trial motions.
 {¶ 2} The trial court did not expressly rule on Vahila's motion to dismiss, so we must presume that the motion was denied. Vahila has not provided this court with a transcript of proceedings, so we must also presume that the trial court's denial of the motion was correct.
 {¶ 3} The trial court's verdict was a general verdict, so we must further presume that it determined all the claims before it, including Vahila's counterclaim. Furthermore, since she has not provided this court with a transcript of proceedings, we must presume that the trial court's decision was correct.
 {¶ 4} Finally, a trial court's prejudice can be the basis for relief from judgment, but, based on the evidence in the record, we cannot conclude that the trial court abused its discretion when denying Vahila's motion. Furthermore, if Vahila objected to the trial court's decision to preside over this motion, then she should have filed an affidavit of prejudice with the Ohio Supreme Court.
 {¶ 5} For these reasons, the trial court's decision is affirmed.
 Facts {¶ 6} On January 13, 2006, Williams filed a small claims complaint against Vahila claiming damages in the amount of $3,008.00. On January 23, 2006, Vahila moved to dismiss the complaint, arguing that Williams should have sued Strowbridge Construction, Inc., a corporation Vahila presides over, rather than Vahila herself. Vahila also filed an answer and counterclaim on January 30, 2006.
 {¶ 7} The matter proceeded to trial on February 15, 2006, and the trial court granted judgment to Williams in the amount of $2,138.00. On February 21, 2006, Vahila *Page 3 
moved for relief from judgment, arguing that she discovered after trial that the trial court judge was Williams' attorney and was prejudiced against her. On March 1, 2006, Vahila also moved that the trial court stay its judgment pending resolution of her motion for relief from judgment. The trial court denied both of Vahila's motions on March 8, 2006. Vahila appealed both the trial court's February 15th and March 8th judgments on March 16, 2006.
 {¶ 8} On appeal, Williams has not filed an appellate brief responding to Vahila's arguments. When an appellee files no brief with the reviewing court, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). However, we cannot exercise our discretion under App.R. 18(C) in this case. Vahila's brief does not describe the facts and issues which were presented at trial at all, so we cannot accept a statement of facts and issues as correct. We will address this appeal based on the evidence in the record.
 Motion to Dismiss {¶ 9} In her first assignment of error, Vahila argues:
 {¶ 10} "The first assignment of error was when the Court failed to rule on Vahila's Motion to Dismiss."
 {¶ 11} Vahila contends that she was acting as president of a corporation during the relevant acts underlying the lawsuit and that the trial court should have dismissed the case since Williams sued the wrong party. Vahila's arguments in this regard are meritless.
 {¶ 12} There is no rule of law requiring that a trial court expressly rule on every pretrial motion before it. "[W]hen a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it." State ex rel. The V Cos. v. Marshall, 81 Ohio St.3d 467,469, 1998-Ohio-0329. In this case the trial court's entry granting judgment to Williams did not address Vahila's motion to dismiss, so we must presume that it denied that motion.
 {¶ 13} Furthermore, this court cannot review whether the trial court's denial of that *Page 4 
motion was proper because Vahila did not provide this court with a copy of the trial transcript. At trial, Vahila would have been given an opportunity to present the evidence necessary to show that she should not have been sued in her personal capacity. In order to show this court that the trial court's denial of her motion was error, she needed to provide us with a transcript of those proceedings.
 {¶ 14} Whenever an appellant's assignments of error are based on the evidence produced at trial, the appellant must provide the appellate court with a record to review. State v. Budrovic, 7th Dist. No. 00 CA 5, 2001-Ohio-3437. App.R. 9 specifies how a transcript of the evidence or some acceptable alternative must be filed. Vahila has failed to file either a transcript or an App.R. 9 alternative.
 {¶ 15} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 16} "This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In J.F. Smith Plumbing Heating v.McNamara (Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, we observed: `There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court.' Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato v. Goughnour (2000), 136 Ohio App.3d 795, 799. *Page 5 
 {¶ 17} We must presume both that the trial court denied Vahila's motion to dismiss and that the trial court's decision in this regard was correct since Vahila did not provide this court with a transcript of the proceedings below. Accordingly, Vahila's first assignment of error is meritless.
 Counterclaim {¶ 18} In her second assignment of error, Vahila argues:
 {¶ 19} "The second assignment of error was when the Court refused to rule on or acknowledge, or address Defendant/Appellants Vahila's counterclaim."
 {¶ 20} Vahila contends that the trial court must specifically rule on her counterclaim, but that is not the law of the State of Ohio. Whenever a fact-finder returns a general verdict in a case involving two or more causes of action or defenses and the mental processes of that fact-finder have not been tested by the parties by special interrogatory when the case is tried to a jury or a motion for finding of facts and conclusions of law when the case is tried to the court, it will be presumed that the fact-finder determined all the issues before it.Hampel v. Food Ingred. Specialties, Inc., 89 Ohio St.3d 169, 185, 2000-Ohio-0128.
 {¶ 21} In this case, the trial court returned a general verdict for Williams. Accordingly, we must presume that the trial court ruled on Vahila's counterclaim when it issued its verdict and judgment. Furthermore, we cannot review the correctness of this ruling for the same reason we cannot review the correctness of the trial court's denial of Vahila's motion to dismiss. Vahila has not provided us with a transcript of the proceedings before the trial court, so this court must presume that the trial court's findings are correct. Vahila's arguments in her second assignment of error are meritless.
 Post-Trial Motions {¶ 22} In her third and final assignment of error, Vahila argues:
 {¶ 23} "The third assignment of error was the March 8th 2006 ruling of the Court in regards to Vahila's February 22nd 2006 Motion for release of Judgment and request to put this case back into it's original position and her March 1 motion for stay of judgment."
 {¶ 24} In this assignment of error, Vahila challenges a variety of rulings by arguing *Page 6 
that the trial court was prejudiced against her. However, her arguments in this regard are meritless.
 {¶ 25} "Civ. R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order." In re Whitman,81 Ohio St.3d 239, 242, 1998-Ohio-0466. A party may obtain relief either through the full vacation of the prior judgment or by partial vacation or modification of that judgment. Id. at 243. Civ.R. 60(B) is remedial and should be liberally construed so the ends of justice may be served.Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18, 20, 1996-Ohio-0430. To prevail upon a Civ.R. 60(B) motion, the movant must demonstrate: 1) a meritorious defense or claim to present if relief is granted; 2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." Strack v.Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-0107.
 {¶ 26} When reviewing a trial court's decision regarding a Civ.R. 60(B) motion for relief from judgment, that decision will not be reversed unless the trial court abuses its discretion. Strack at 174. The term "abuse of discretion" constitutes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 27} In this case, there is no issue regarding the timeliness of Vahila's motion since she moved for relief from judgment six days after that judgment was entered, but there are issues surrounding each ofGTE Automatic's first two prongs.
 {¶ 28} First, Vahila must demonstrate a meritorious claim or defense if relief is granted. However, her motion for relief from judgment fails to meet this requirement. Vahila argues the trial court was biased against her, but her motion contains no description of the facts that were introduced at trial or how the trial court's alleged bias *Page 7 
affected its judgment of those facts. There is no indication of how the outcome of the trial would have been any different if another judge heard the case. Thus, Vahila's motion failed to satisfy the first prong of GTE Automatic's test.
 {¶ 29} Second, Vahila must demonstrate that she is entitled to relief under one of the grounds listed in Civ.R. 60(B). The Ohio Supreme Court has held that "[a] judge's participation in a case which gives rise to the appearance of impropriety and possible bias could constitute grounds for relief from judgment under Civ.R. 60(B)(5)." Volodkevich v.Volodkevich (1988), 35 Ohio St.3d 152, syllabus. But Vahila is still under an obligation to prove those facts. In this case, the trial court judge vehemently denied the facts which Vahila claim give the appearance of impropriety. Based on the evidence in the record, we cannot say this was an abuse of discretion.
 {¶ 30} Furthermore, we do not have the authority to address whether it was unfair for the trial court to rule on a claim related to its own alleged bias. The authority to pass upon the disqualification of a judge of the Court of Common Pleas rests in the Chief Justice of the Ohio Supreme Court under Section 5(C) of Article IV of the Ohio Constitution. If a party believes that the trial judge was biased or prejudiced against her at any stage of the trial court proceedings, then that party should file an affidavit of prejudice with the clerk of the Ohio Supreme Court. R.C. 2701.03. R.C. 2701.03 "provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." Jones v. Billingham (1995), 105 Ohio App.3d 8, 11. Only the Chief Justice of the Ohio Supreme Court or his designee has the authority to determine whether a common pleas court judge is biased or prejudiced. Beer v. Griffith (1978), 54 Ohio St.2d 440, 441. This court is without authority to pass upon issues of disqualification or to void a judgment on the basis that a judge should be disqualified for bias or prejudice. Id.; State v. Ramos (1993), 88 Ohio App.3d 394, 398.
 {¶ 31} If Vahila believed that the trial court should not have ruled on her motion, then she should have filed an affidavit of prejudice with the Ohio Supreme Court. She did not and we cannot address that issue.
 {¶ 32} Based on the evidence in the record, the trial court did not abuse its *Page 8 
discretion when it denied Vahila's motion for relief from judgment. Since her motion for a stay only asked for a temporary stay while the motion for relief from judgment was pending, the trial court did not err by denying this motion at the same time it denied the motion for relief from judgment. Accordingly, Vahila's third assignment of error is also meritless.
 Conclusion {¶ 33} Each of Vahila's assignments of error is meritless. Accordingly, the judgment of the trial court is affirmed.
 Vukovich, J., concurs. Waite, J., concurs. *Page 1