[Cite as *Hutchison v. Hutchison*, 2011-Ohio-1409.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

JOSHUA HUTCHISON                    :

    Plaintiff-Appellant          :       C.A. CASE NO. 10CA62

vs.                                 :       T.C. CASE NO. 08DR80

KATIE HUTCHISON                     :       (Civil Appeal from
                                            Common Pleas Court
    Defendant-Appellee           :       Domestic Relations Div.)

. . . . . . . . .

O P I N I O N

Rendered on the 25th day of March, 2011.

. . . . . . . . .

Joshua Hutchison, 533 N. Lincoln Street, Wilmington, OH 45177
    Plaintiff-Appellant, Pro Se

Katie Hutchison, 24 Lucerne Avenue, Dayton, OH 45410
    Defendant-Appellee, Pro Se

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This is an appeal from a post-decree order in a divorce action.

{¶ 2} Joshua Hutchinson and Katie Hutchison were divorced on July 29, 2008. The court approved a shared parenting plan for the parties' minor children. (Dkt. 22).

{¶ 3} On January 13, 2009, following a hearing, and by

agreement of the parties, the court terminated the shared parenting plan and designated Joshua[1] the residential parent and legal custodian of the three minor children. Katie was granted the right to visit with the minor children two times each week for one hour at the Greene County Family Visitation Center. (Dkt. 41).

{¶ 4} On April 28, 2010, on the court's own motion, the parties were notified that, on July 7, 2010, the court would consider the continued use of the Greene County Family Visitation Center in this case. The parties were ordered to attend the hearing and to bring proof of their incomes. (Dkt. 65).

{¶ 5} The magistrate held a hearing on that matter and rendered a decision on July 7, 2010. Katie was ordered to pay the Greene County Family Visitation Center three hundred dollars to cover costs of the supervised visitation the court had ordered. (Dkt. 68).

{¶ 6} Katie filed objections to the magistrate's decision. On July 30, 2010, the court modified the magistrate's decision to order the three hundred dollar fee allocated between the parties in proportion to their relative incomes. Katie was ordered to pay forty-five percent of the fee, or $135.00. Joshua was ordered to pay fifty-five percent of the fee, or $165.00. Joshua filed

---

[1]For clarity and convenience, the parties are identified by their first names.

a notice of appeal.

ASSIGNMENT OF ERROR

{¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF PRINCIPLE IN ORDERING THE PLAINTIFF TO PAY 55%OF THE VISITATION CENTER FEES AS CRIMES OF THE DEFENDANT NECESSITATED THE USE OF THE VISITATION CENTER AND AS THE [PLAINTIFF] HAS FULL CUSTODY OF ALL THREE MINOR CHILDREN."

{¶ 8} Joshua argues that the domestic relations court abused its discretion in ordering him to share in the costs owed the Greene County Family Visitation Center. He contends that the use of that facility was necessitated by Katie's own misconduct, that he complied with all requirements the Greene County Family Visitation Center imposed, and that Katie had cancelled more than half of the scheduled visitations.

{¶ 9} Katie filed a brief in response. She contends that Joshua's assertions are incorrect. Katie also states that she "is more than willing to pay the amount decided by the judge."

{¶ 10} Unless Joshua raised the matters on which he relies in the proceedings before the magistrate, any error the court committed in those respects is waived for purposes of appeal. It is Joshua's duty, as appellant, to demonstrate that the error he assigns was thus preserved.

{¶ 11} App.R. 9 requires an appellant to file a written

transcript of the proceedings before the trial court exemplifying that the error assigned was preserved. When an appellant fails to file the required transcript, the presumption of correctness we must give to the trial court's determinations requires an affirmance of the judgment or order from which the appeal was taken. *Williams v. Vahila*, Carroll App. No. 06CA832, 2007-Ohio-730.

{¶ 12} Joshua failed to file a printed or written transcript of the July 7, 2010 hearing before the magistrate. We must therefore presume the correctness of the domestic relations court's subsequent order modifying the magistrate's decision.

{¶ 13} The assignment of error is overruled. The judgment of the domestic relations court will be affirmed.


FAIN, J. And DONOVAN, J., concur.



Copies mailed to:

Joshua Hutchison
Katie Hutchison
Hon. Steven L. Hurley