OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral argument to this court. Plaintiff-Appellant, Thomas Davis, appeals the decision of the Carroll County Court of Common Pleas which dismissed his administrative appeal from a decision of Malvern's Village Council as untimely. The trial court concluded that Davis should have appealed from a notice of violation of a local ordinance issued on September 10, 2002, rather than a notice of intent to demolish issued on December 9, 2002.
 {¶ 2} The record reflects that Davis never argued that he abated the violations. At the hearing before the Village Council, Davis argued that his property was never in violation, he was working on his property, and that it was unconstitutional to apply the local ordinance against him. It is impossible to say what arguments he made to the trial court since he did not provide a transcript of that hearing to this court on appeal. Since the record reflects that Davis's arguments were confined to issues he should have raised in an appeal from the September 10, 2002 notice of violation, and he did not appeal that notice, the trial court's decision to dismiss the appeal was correct, and the trial court's judgment is affirmed.
 Facts {¶ 3} In April 2002, the Village of Malvern passed Ord. 2002-8 which was designed to abate public nuisances and demolish buildings, structures, and premises. Davis owned property in the Village and, in July 2002, that property was inspected by a state certified building inspector. Based on the inspector's report, the Village sent a notice of violation of Ord. 2002-8 to Davis on September 10, 2002, specifying five violations: 1) the building was structurally unsafe; 2) the building was a fire hazard; 3) the building was a hazard due to inadequate maintenance, dilapidation, obsolescence, decay or abandonment; 4) the building had been vacated for an extended time; and, 5) the building was a commercial facility which was not in compliance with Ohio's building code. The notice stated that any attempt to abate the violations must begin within thirty days of receipt of the notice and be completed within forty-five days after it had begun. It also stated that he could submit a request for additional time with the Village Fiscal Officer.
 {¶ 4} Davis did not file an appeal to challenge the notice, did not abate the violations in the required time, and did not request an extension of time to do so. Accordingly, on December 9, 2002, the Village sent him a notice of intent to demolish. Davis appealed this notice on December 10, 2002 and the Village Council heard the appeal on January 6, 2003. At the hearing, Davis disputed the fact that he was in violation since the property was going to be used for residential, rather than commercial, purposes. He also disputed the conclusion that the property was a fire hazard. Finally, he claimed it was unconstitutional to retroactively apply Ord. 2002-8 against him. Significantly, he did not argue that the violations were abated. The Village Council found that the structure was a public nuisance under Ord. 2002-8, that Davis had notice of that fact, and that he had failed to abate the nuisance. Accordingly, it concluded that it should proceed with demolition of the building.
 {¶ 5} On January 29, 2003, Davis filed an administrative appeal in the Carroll County Court of Common Pleas. The trial court granted a motion to hear additional evidence since the witnesses which appeared at the hearing before the Village Council did not testify under oath and held that hearing on June 18, 2003. In a judgment entry filed the next day, the trial court noted that during the course of the hearing, "it became apparent that appellants had failed to correctly and timely perfect their appeal ab initio." Accordingly, the trial court found it did not have subject matter jurisdiction over the matter and sua sponte dismissed the administrative appeal. It is from this decision that Davis timely appeals.
 Local Ord. 2002-8 {¶ 6} Before we can address Davis's arguments in support of his assignment of error, we must explain how Ord. 2002-8 works. That ordinance provided that a structure was unsafe if, among other things, it is structurally unsafe, is a fire hazard, is a hazard due to inadequate maintenance, dilapidation, obsolescence, decay or abandonment, or is vacant and/or insecure. Ord. 2002-8, Section 1. It declared that such structures "shall be abated by repair, rehabilitation, or by demolition." Ord. 2002-8, Section 2. If an inspector determines that a building violates the ordinance, then the Village must give notice of the violation to the property owner. Ord. 2002-8, Section 5. If the owner plans on abating the violation, then that abatement "shall begin after thirty (30) days after service of notice and shall be completed within forty-five (45) days or such additional time as the State of Ohio certified building inspector may deem necessary to complete the repair, rehabilitation, or demolition and removal." Ord. 2002-8, Section 6. The owner may request extensions of time to complete the abatement. Id.
 {¶ 7} If the owner fails to comply with the notice, "the Village Council may proceed to have the building * * * repaired, rehabilitated, or demolished and removed from the premises." Ord. 2002-8, Section 8. The Village must give the owner notice of the intent to demolish the premises at least thirty days prior to the intended action. Ord. 2002-8, Section 9.
 {¶ 8} If an owner disagrees with any notice issued by the Village, then he can appeal that decision to the Village Council by demanding a hearing within thirty days after the notice was served. Ord. 2002-8, Section 11. The Village Council then shall hold a hearing within ten days following the demand and give two days notice of that hearing. Id. If the owner disagrees with the Village Council's decision after that hearing, then he may appeal that decision to the court of common pleas. R.C. 2506.01. That appeal must be perfected within thirty days of the Village Council's decision. R.C. 2505.07.
 Absence of Record From Trial Court {¶ 9} Another preliminary matter we must address is the state of the record in this administrative appeal. Although there is a transcript of the proceedings before Village Council, Davis has not provided us with a transcript of the hearing before the trial court. Given the trial court's conclusion that the notice of demolition stands, we must presume that Davis failed to argue that he abated the violations to the trial court as well. In order to prove that he made this argument, he would have to provide us with a transcript of the hearing before the trial court or an App. R. 9 alternative. Whenever an appellant's assignments of error are based on the evidence produced at trial, the appellant must provide the appellate court with a record to review. State v. Budrovic (Oct. 31, 2001), 7th Dist. No. 00 CA 5. App. R. 9 specifies how a transcript of the evidence or some acceptable alternative must be filed.
 {¶ 10} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 11} "This court has previously explained the consequences of failing to provide a transcript of the proceedings when assigning error to evidentiary rulings. In J.F. Smith Plumbing Heating v. McNamara (Apr. 25, 1985), Mahoning App. No. 83CA17, unreported, we observed: `There has been no transcript of proceedings filed by the appellant in this case. All of the allegations of the appellant under his assignments of error deal with statements of the trial judge and evidence presented and cannot be reviewed by this court because of the lack of a record. It is the duty and obligation of the appellant to properly perfect his appeal. Appellant having failed to do so, by necessity, we must affirm the judgment of the trial court.' Since appellant has failed to provide this court with a transcript or an acceptable alternative, there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below." DeCato v. Goughnour (2000),136 Ohio App.3d 795, 799.
 {¶ 12} Given the trial court's conclusion in this case, we must presume that the arguments Davis made to the trial court were the same as those he made to the Village Council. Thus, we must conclude that Davis did not argue at any time that he had abated the violations which triggered the December 9, 2002, notice of demolition.
 Compliance with Local Ord. 2002-8 {¶ 13} Davis argues the following assignment of error on appeal:
 {¶ 14} "The trial court erred in sua sponte dismissing appellants [sic] appeal."
 {¶ 15} Davis contends that the trial court erred in dismissing his appeal since "he believed that he had complied with the September 10, 2002, notice by continuing to work on and remodel the building." He believes it makes no sense to require him to appeal from the notice of violation when he was trying to demonstrate that he was proceeding to abate those violations. But this contention is incorrect.
 {¶ 16} The record, which is limited to a transcript of the proceedings before Village Council, reveals that Davis never indicated that he abated the cited violations. At the hearing before the Village Council, Davis argued that the notice was incorrect since he intended to use the building for residential, rather than commercial, purposes. He also disputed whether or not the building ever posed a fire hazard. He finally stated that he had "every intention to complete this building in a timely manner as he can based on his financial ability and other things," like his physical ability to do the work. The best this could be called is a request for an extension of time and that request was not made in the time provided for in Ord. 2002-8, Section 6, namely within thirty days of the September 10, 2002 notice of violation. There is no indication in the record that he made any effort to abate the violations between September 10, 2002, when he was notified of the violations, and January 6, 2003, the date of the hearing before Village Council challenging the notice of demolition.
 {¶ 17} Apart from his constitutional question, the only arguments Davis made to challenge the demolition notice were that he was incorrectly cited for being in violation of Ord. 2002-8 on September 10, 2002. Ord. 2002-8, Section 11 provided Davis with a means to challenge that notice, but he chose not to avail himself of it. Because he only demonstrated a disagreement with the Village's actions when it notified him of its intent to demolish the building, the trial court correctly found that Davis did not timely raise these issues. The only way for Davis to timely raise these arguments was by appealing the September 10, 2002, notice, which he did not do.[1]
 {¶ 18} Davis's second contention is that the trial court improperly dismissed his administrative appeal since he also challenged the constitutionality of retroactively applying Ord. 2002-8 against him. He again states his belief that he did not need to appeal from the September 10, 2002, notice of violation to preserve this issue.
 {¶ 19} Davis did briefly raise this issue in the hearing before the Village Council. His attorney stated, "just for purposes of the record, * * * I believe that my client owned this property prior to [the ordinance being passed], was involved in some discussion with this village prior to that time, and I believe that now you have passed an ordinance, you know, trying to apply that in retroactively." Id. But the record does not indicate that he continued to make that same argument before the trial court. None of the documents he filed claimed that the Village of Malvern's Ord. 2002-8 was being unconstitutionally applied against him and without a transcript we must assume he did not make that argument to the trial court.
 {¶ 20} Given the record, we must presume that the trial court properly concluded that Davis failed to timely appeal from the September 10, 2002, notice of violations. The arguments he makes are related to that notice rather than the December 9, 2002, notice of intent to demolish. Accordingly, Davis's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.
[1] We note that the trial court's judgment entry refers to a letter from Davis's attorney to the Village Council dated September 30, 2002. The trial court found the letter cannot "reasonably be construed as a Section 11, `demand for a hearing.'" The trial court's entry does not indicate why either of the parties may have introduced that letter. That letter is not in the record before us and we cannot consider it on appeal. Accordingly, the trial court's reference to the letter does not preserve Davis's arguments for appeal.