OPINION
{¶ 1} Plaintiffs-appellants Thomas and Deborah Davis appeal the Carroll County Common Pleas Court's grant of summary judgment for defendants-appellees Village of Malvern and Roger Westfall. Two issues are presented in this appeal. The first issue is whether the trial court correctly determined that Davis' claims were barred by res judicata. The second issue is whether the trial court erred when it held that the Village of Malvern and Westfall were immune from liability under R.C. 2744.03. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} This case is related to a previous case heard by this court,Davis, et ux. v. Village of Malvern, 7th Dist. No. 03CA791,2004-Ohio-6796. The facts from Davis I are reiterated to help in our review of the current case.
 {¶ 3} "In April 2002, the Village of Malvern passed Ordinance 2002-8 which was designed to abate public nuisances and demolish buildings, structures, and premises. Davis owned property in the Village and, in July 2002, that property was inspected by a state certified building inspector, [Westfall]. Based on the inspector's report, the Village sent a notice of violation of Ordinance 2002-8 to Davis on September 10, 2002, specifying five violations: 1) the building was structurally unsafe; 2) the building was a fire hazard; 3) the building was a hazard due to inadequate maintenance, dilapidation, obsolescence, decay or abandonment; 4) the building had been vacated for an extended time; and, 5) the building was a commercial facility which was not in compliance with Ohio's building code. The notice stated that any attempt to abate the violations must begin within thirty days of receipt of the notice and be completed within forty-five days after it had begun. It also stated that he could submit a request for additional time with the Village Fiscal Officer.
 {¶ 4} "Davis did not file an appeal to challenge the notice, did not abate the violations in the required time, and did not request an extension of time to do so. Accordingly, on December 9, 2002, the Village sent him a notice of intent to demolish. Davis appealed this notice on December 10, 2002 and the Village Council heard the appeal on January 6, 2003. At the hearing, Davis disputed the fact that he was in violation since the property was going to be used for residential, rather than commercial, purposes. He also disputed the conclusion that the property was a fire hazard. Finally, he claimed it was unconstitutional to retroactively apply Ordinance 2002-8 against him. Significantly, he did not argue that the violations were abated. The Village Council found that the structure was a public nuisance under Ordinance 2002-8, that Davis had notice of that fact, and that he had failed to abate the nuisance. Accordingly, it concluded that it should proceed with demolition of the building.
 {¶ 5} "On January 29, 2003, Davis filed an administrative appeal in the Carroll County Court of Common Pleas. The trial court granted a motion to hear additional evidence since the witnesses which appeared at the hearing before the Village Council did not testify under oath and held that hearing on June 18, 2003. In a judgment entry filed the next day, the trial court noted that during the course of the hearing, `it became apparent that appellants had failed to correctly and timely perfect their appeal ab initio.' Accordingly, the trial court found it did not have subject matter jurisdiction over the matter and sua sponte dismissed the administrative appeal." Id.
 {¶ 6} In Davis I, Davis appealed that ruling. This court affirmed the trial court's holding stating that Davis did not timely raise the issues. Id. This court explained that apart from the constitutional questions regarding the ordinance, the only other arguments Davis made to challenge the demolition notice were that he was incorrectly cited being in violation of Ordinance 2002-8. This court explained that this argument was related to the September 10, 2002 notice of violation, not the December 9, 2002 notice of intent to demolish. Thus, we concluded, an appeal could have been and should have been taken from that September 10, 2002 notice. We went on to explain that the ordinance in question provided Davis with a means to challenge the September 10, 2002 notice, but he chose not to avail himself of that remedy.
 {¶ 7} Furthermore, regarding the constitutional issue Davis raised, we explained that there was no transcript of the hearing before the trial court. We then added, "[n]one of the documents he filed claimed that the Village of Malvern's Ordinance 2002-8 was being unconstitutionally applied against him and without a transcript we must assume he did make that argument to the trial court."
 {¶ 8} Subsequent to the issuance of our opinion and judgment, the Village of Malvern allegedly issued another notice of intent to demolish, dated February 7, 2005.
On February 18, 2005, Davis allegedly filed an appeal and requested the matter be set for evidentiary hearing before the Village Counsel. It is alleged by Davis that the Village summarily denied the appeal and the request.
 {¶ 9} On March 25, 2005, Davis filed a Complaint for Declaratory Judgment and Money Damages in the Carroll County Common Pleas Court against the Village and Westfall. The complaint alleges that Ordinance 2002-8 is unconstitutional, the Village's actions constitute an unconstitutional taking, and Davis' due process rights were violated. The Village and Westfall filed a motion to dismiss pursuant to Civ. R. 12(B)(6). Later, the Village and Westfall asked for that motion to be converted into a motion for summary judgment. The trial court granted that request. Davis filed a motion in opposition to the motion for summary judgment.
 {¶ 10} After reviewing all motions, the trial court granted summary judgment to the Village and Westfall. The trial court provided three reasons for the grant of summary judgment. First, it explained that pursuant to R.C. 2721.12 when the constitutionality of an ordinance is raised in a declaratory action, the Attorney General must be served. It determined that that requirement is both mandatory and jurisdictional in nature. Therefore, the trial court concluded that since the record is devoid of any indication that the Attorney General was served, it had "no jurisdiction to render a final binding decree of declaratory judgment." 10/28/05 J.E.
 {¶ 11} The trial court then stated that even if it did have jurisdiction, the claims were still barred by res judicata. It explained that even though the complaint contains a prayer for monetary damages, which is a new remedy since those damages arise from the alleged unconstitutional taking, it could have and should have been raised in the previous case. 10/28/05 J.E.
 {¶ 12} The trial court then provided its third reason, stating even if res judicata did not apply, that the claims were precluded by R.C. Chapter 2744, governmental immunity. The basis for this determination was twofold. First, the trial court concluded that the statute of limitations had expired. Next, the trial court stated that an exception under R.C. 2744.03(A)(6) to immunity was not shown. That is, under R.C. 2744.03(A), employee's acts or omissions made with a malicious purpose, in bad faith, or in a wanton or reckless manner, will not be protected. The trial court found that the complaint in this case merely alleges that West was "incorrect," lacked "a proper factual basis" and acted "intentionally." The court stated, "[t]he R.C. 2744.03(A)(6) presumption of immunity is not compromised simply because a political subdivision employee acts `intentionally' without more." 10/28/05 J.E. Thus, for all those reasons, the trial court granted summary judgment.
 {¶ 13} Davis appeals from that determination. He raises two assignments of error: one addresses the trial court's ruling on res judicata while the other addresses immunity.
 FIRST ASSIGNMENT OF ERROR {¶ 14} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S CLAIM THAT HE WAS DENIED DUE PROCESS OF LAW AND THAT THE ACTIONS OF APPELLEE CONSTITUTE AN UNCONSTITUTIONAL TAKING OF APPELLANT'S PROPERTY."
 {¶ 15} The error complained of in this assignment is the alleged summary denial of the appeal from the February 7, 2005 notice of intent to demolish without holding a hearing. Or, in other words, Davis argues the dictates of Ordinance 2002-8 were not followed and, as such, he was denied procedural due process.
 {¶ 16} We find no merit with his arguments. The arguments he made to the Village in his February 18, 2005 notice of appeal concerns the alleged abatements he made to the property. Those arguments could have and should have been made in his appeal of the December 9, 2002 notice of intent to demolish. As they were not, Davis is now barred by res judicata from raising those arguments. Furthermore, while Ordinance 2002-8 clearly provides that Davis was entitled to a hearing on the February 18, 2005 notice of appeal, we find that the failure to hold a hearing was harmless beyond a reasonable doubt.
 {¶ 17} Ordinance 2002-8 provides a means for the Village to determine that a structure is unsafe and a public nuisance. If the structure is found to be a public nuisance a notice of violation is issued to the property owner. That notice informs the property owner that they must abate the property through repair, rehabilitation, or demolition. It also provides that the abatement must begin within 30 days after service of the notice and shall be completed within 45 days and that the owner can request an extension of time. If the owner fails to abate the property, the ordinance provides a means for the Village to abate by repair, rehabilitation or demolition. However, if the Village decides to abate by demolition, then it must send written notice to the property owner at least 30 days prior to demolition.
 {¶ 18} Ordinance 2002-8 also provides a means to appeal any written notice issued by the Village. The appeal section clearly states that the owner of a structure has the "right to appeal from any written notice issued by the Village." Furthermore, it provides if a demand for a hearing is made it "shall be held within ten (10) days following the written receipt of the demand." Section 11.
 {¶ 19} As we explained in Davis I, Davis appealed the December 9, 2002 notice of intent to demolish. However, the argument he made in that appeal was based upon his belief that the Village should not have issued the September 10, 2002 notice of violation, which found that his property was a public nuisance. In that opinion we explained that those arguments should have been made in an appeal of the notice of the violation, not in an appeal of the notice of intent to demolish. As the notice of violation was not appealed, his argument was deemed not timely raised.
 {¶ 20} The arguments that could be made in response to the December 9, 2002 notice of demolition are whether the property was abated or whether a request for an extension of time to abate the property was made. However, as we explained in Davis I, Davis never indicated that he abated the violations and there was no clear indication that he had requested an extension of time.
 {¶ 21} Davis' attempt to now make the argument, in response to the February 7, 2005 notice of intent to demolish, that he abated the violations must fail. The Supreme Court held that "the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Grava v. ParkmanTwp., 73 Ohio St.3d 379, 382, 1995-Ohio-331, quoting Natl. Amusements,Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62. As can be seen by reviewing the history of this case, these arguments Davis is now attempting to make could have and should have been made in the appeal of the December 8, 2002 notice of intent to demolish. Yet, they were not. Permitting Davis to now make the arguments would be allowing him to have a second bite of the apple. As that is not permitted, his arguments are barred.
 {¶ 22} That said, it must be acknowledged that the clear language of Ordinance 2002-8, Section 11, allows a person to appeal any notice and when a demand is made a hearing must be held. Thus, the Village was required to hold a hearing on the February 18, 2005 notice of appeal. Admittedly, given Davis' argument and the history of this case, holding a hearing would have been an exercise in futility. However, the language of the statute clearly indicates the Village was required to hold a hearing. If the Village wants to eliminate the possibility of holding a hearing on a notice to demolish, as well as a notice of violation, the language of the ordinance should say so.
 {¶ 23} Regardless, the procedural due process error was harmless beyond a reasonable doubt because as stated above Davis' arguments would fail. State v. Hills, 8th Dist. No. 78546, 2002-Ohio-497, citingChapman v. California (1967), 386 U.S. 18, 24 (a case can be affirmed if the procedural due process violation was harmless beyond a reasonable doubt). Thus, there is no cause for reversal. This assignment of error has no merit.
SECOND ASSIGNMENT OF ERROR
 {¶ 24} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S CLAIM FOR MONEY DAMAGES."
 {¶ 25} Davis begins this assignment by arguing that R.C. 2744.03(A)(6) provides the basis for liability. This section states:
 {¶ 26} "(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or section 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 {¶ 27} "(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;
 {¶ 28} "(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 {¶ 29} "(c) Liability is expressly imposed upon the employee by a section of the Revised Code."
 {¶ 30} Starting a governmental immunity argument in such a manner is flawed. There are three tiers to governmental immunity. Cater v.Cleveland (1998), 83 Ohio St.3d 24, 28, 1998-Ohio-41. R.C. 2744.03 is the third tier. Before it is ever reached, R.C. 2744.02(A) and (B), in that order, must be gone through. R.C. 2744.03 only applies when an exception under R.C. 2744.02(B) has been found to apply. As the Eighth District explained:
 {¶ 31} "R.C. 2744.02(B) sets forth five exceptions to the general grant of immunity, none of which applies to this case. R.C. 2744.03 does not grant exceptions to immunity but instead provides defenses in particular circumstances if the political subdivision is subject to suit under R.C. 2744.02. R.C. 2744.03(A)(6) refers only to the immunity of an employee of a political subdivision; the fact that the employee remains liable for his intentional torts does not automatically render the political subdivision liable as well." Krokey v. Cleveland (2001),146 Ohio App.3d 179, 184.
 {¶ 32} Regardless, the determination of whether governmental immunity applies does not need to be addressed. Our disposition of the first assignment of error renders this assignment moot.
 CONCLUSION {¶ 33} For the foregoing reasons, any procedural due process violation was harmless beyond a reasonable doubt. The judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs. Waite, J., concurs.