[Cite as *Yeager v. Davis*, 2010-Ohio-4866.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JEFF YEAGER, CARROLL COUNTY TREASURER | ) | CASE NO. 09 CA 859 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| THOMAS E. DAVIS, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                                          Pleas of Carroll County, Ohio
                                                          Case No. 2007 CVE 25177

JUDGMENT:                                           Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                            Atty. Donald R. Burns, Jr.
                                                          Carroll County Prosecutor
                                                          Atty. John C. Childers
                                                          Assistant Prosecuting Attorney
                                                          11 East Main Street
                                                          Carrollton, Ohio  44615

For Intervening Party-Appellee:               Atty. Michael J. Roth
                                                          200 N. Main Street
                                                          Minerva, Ohio  44657

For Defendant-Appellant:                        Atty. Donald P. Leone
                                                          4800 Market Street, Suite D
                                                          Youngstown, OH  44512

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                                          Dated:  September 30, 2010

WAITE, J.

{¶1} Appellants Thomas E. and Deborah M. Davis appeal the foreclosure sale of their property due to a delinquency in the payment of property taxes. Appellee Malvern Community Development Fund, Inc. ("Malvern") purchased the property at the sheriff's sale. Appellants argue that they attempted to redeem the property from foreclosure by paying the delinquent taxes prior to the sale and that the Carroll County Court of Common Pleas should have sustained their motion to vacate the confirmation of the sale. The record indicates, though, that Appellants attempted to pay the delinquent taxes at the Carroll County Treasurer's Office rather than deposit the past due amount with the Clerk of Court as mandated by statute, R.C. 2329.33. The record also shows that trial court did not find Appellant Thomas Davis to be a credible witness. The trial judge concluded that Appellant lied during the trial, and that his lie went to the root of Appellants' argument in attempting to vacate the confirmation of the sheriff's sale. We conclude that the trial court did not abuse its discretion in overruling the motion to vacate the confirmation of the foreclosure sale, and the judgment of the trial court is affirmed.

{¶2} On August 6, 2007, Appellee Jeff Yeager, the Carroll County Treasurer, filed a complaint for foreclosure against Appellants for failure to pay property taxes. The property in question is located at 111 South Reed Street in Malvern, Ohio. The complaint was served on Appellants on August 7, 2007. Appellants, through their counsel, filed an answer on August 20, 2007. Yeager filed a motion for summary judgment on September 26, 2007. Appellants filed no response.

**{¶3}** On October 25, 2007, the trial court awarded summary judgment to Appellee Yeager and entered a decree of foreclosure and an order of sale. The order of sale called for payment of $2,008.36 plus court costs, tax assessments, penalties and interest. The amount of the judgment included $206.42 in delinquent real estate taxes and $1,801.94 in delinquent special assessments. The entry ordered "the equity of redemption of defendants Thomas E. Davis and Deborah M. Davis be foreclosed, that the premises set forth in the complaint be sold without appraisement, and that an order of sale be issued to the Sheriff of Carroll County, Ohio * * *." Appellants did not appeal this judgment.

**{¶4}** On October 31, 2007, the Clerk of Court filed an order of sale. The order stated that it was, "ordered, adjudged an decreed that the said **THOMAS E. DAVIS** and **DEBORAH M. DAVIS** within three (3) days from the 25TH of OCTOBER 2007, pay unto the said **JEFF YEAGER** the said sum of **TWO THOUSAND EIGHT DOLLARS AND 36/100 dollars ($2,008.36)** with interest at __per cent from the day of  and costs aforesaid; and upon default to pay the same, that an order of sale issue to the Sheriff of said County, commanding him to proceed according to the statutes regulating judgments and executions at law, to sell the real estate described in the plaintiff's petition, etc." The order went on to state that, "the three (3) days aforesaid have fully expired, and the said judgments and costs aforesaid have not been paid, or any part thereof, as appears to us of record[.]"

**{¶5}** The order of sale scheduled the sheriff's sale for December 18, 2007. The notice of sale was published for five weeks starting on November 15, 2007. The record reveals that Appellants' attorney of record was sent copies of both the October

25, 2007, judgment entry and a notice of the sale that was filed on December 4, 2007.

{¶6}   On December 17, 2007, Appellant Thomas Davis delivered a check to the Carroll County Treasurer's Office for $2,464.42, payable to "Treasurer, Carroll County." The check was deposited the same day.

{¶7}   On December 18, 2007, Appellee Malvern bought the property at the sheriff's sale for $3,887.45.

{¶8}   On January 2, 2008, the trial court issued a judgment entry confirming the sale and ordering distribution of funds. From the proceeds of the sale, the following distributions were made: $679.03 to the Clerk of Court; $2,008.36 to the County Treasurer's Office; $16.10 to the County Auditor; $36.00 to the County Recorder; and $48.00 to the County Recorder. The deed was recorded on January 7, 2008.

{¶9}   On October 30, 2008, Appellants filed a motion to vacate judgment pursuant to Civ.R. 60(B). Appellants had obtained new counsel to file this motion. Appellants sought to vacate the January 2, 2008, judgment confirming the sale of the property and ordering the conveyance to Malvern.

{¶10}  The trial court held a hearing on February 10, 2009, on the motion to vacate. The only witness at the hearing was Appellant Thomas Davis. He testified that he received the foreclosure complaint and immediately hired an attorney to represent him. (Tr., p. 22.) Appellant claimed that he did not receive any notices regarding the proceedings in the case or notice of the subsequent sheriff's sale. (Tr., p. 25.) He testified that his attorney at the time did not contact him until December

17, 2007, the day before the scheduled sheriff's sale. (Tr., p. 24.) Appellant testified that he immediately drove to the Carroll County Treasurer's Office and asked how much he owed. (Tr., p. 25.) He testified that he was told at the Carroll County Treasurer's Office that he owed $2,464.42. (Tr., p. 30.) He wrote a check for $2,464.42 payable to the Carroll County Treasurer. Appellant stated that he told his lawyer about his visit to the treasurer's office. (Tr., p. 31.) He testified that he never paid any money to the Carroll County Clerk of Court with regard to this case, and the only payment he made was to the treasurer's office. (Tr., p. 44.)

{¶11} Appellant testified that he first learned that the property had been sold approximately nine months after the sheriff's sale had taken place. (Tr., p. 31.) He claims that he received a check from the treasurer's office about that time for approximately $2,000 with a note explaining that the money represented the proceeds of the sheriff's sale. (Tr., p. 32.) He denied ever receiving a check from the Carroll County Sheriff's Department for the difference between the amount the property sold for and the amount due on the judgment, which was $1,099.96. (Tr., p. 42.)

{¶12} Appellant testified that he did not understand that, once he hired an attorney, all notices would be sent to his attorney. (Tr., p. 35.) The court asked him how many times he had been involved in litigation in court before, and he replied "[t]his is it." (Tr., p. 35.) The court repeated the question and Appellant denied that he had ever been involved with the judicial system or with the process of filing or answering a complaint. (Tr., p. 36.)

{¶13} During cross-examination, however, Appellant admitted that he used his (first) attorney's services in previous litigation against the Malvern Village Council in Carroll County Court of Common Pleas Case No. 05CVH24191. (Tr., p. 42.) He testified that this same attorney filed an appeal of the Village Council matter to this Court. (Tr., p. 43.) The court concluded from these contradictory answers that Appellant had lied about his experience and knowledge of attorneys and the legal system, and that the lie went to the heart of the issue that was before the court. (Tr., p. 49.) The trial court judge clearly stated that Appellant's testimony was not credible. (Tr., p. 49.) The court ultimately concluded that there had been no mistake, excusable neglect or inadvertence on the part of Appellant to justify vacating the January 2, 2008, confirmation of sale.

{¶14} The court filed its judgment entry on March 31, 2009, and this timely appeal followed on April 15, 2009. The court found that Appellants had not followed the proper procedure for redemption of property by the judgment debtor found in R.C. 2329.33, which expressly requires the debtor to deposit with the Clerk of Court the amount of the judgment plus costs, poundage, and interest. The court found that all required notices were sent to Appellants' attorney, and that there was no excusable reason for failing to follow the proper statutory procedure. The court then overruled Appellants' motion to vacate. Appellants filed a timely appeal and have obtained new counsel on appeal.

## ASSIGNMENTS OF ERROR

{¶15} "The Trial Court erred as a matter of law by overruling Defendant-Appellants' *Motion to Vacate Judgment* pursuant to Ohio Civ.R. 60(B) when

meritorious grounds were proven to show that Defendant-Appellants had taken all necessary steps to redeem foreclosed realty prior to sheriff's sale."

{¶16} "The Trial Court abused it's [sic] discretion by deciding Defendant-Appellants' *Motion to Vacate Judgment* pursuant to Ohio Civ.R. 60(B) on issues of witness credibility rather than legal basis for redemption of foreclosed realty prior to sheriff's sale."

{¶17} This appeal involves an attempt to overturn the ruling on a Civ.R. 60(B) motion to vacate a confirmation of a foreclosure sale. Civ.R. 60(B) permits a party to be relieved of the consequences of a judgment for the following reasons: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *"

{¶18} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time, and,

where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. A trial court's ruling on a Civ.R. 60(B) motion is reviewed only for abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. Abuse of discretion also indicates a ruling that is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶19} Initially, we are compelled to address Appellants' suggestion that the trial court engaged in some type of improper act by asking Appellant Thomas Davis a number of questions during the hearing on the motion to vacate the foreclosure sale. The record indicates that Appellant appeared to be confused on cross-examination as to whether he was represented by counsel during the foreclosure proceedings. (2/10/09 Tr., p. 33.) The trial judge then asked him a variety of questions regarding his interaction with his hired counsel. During this exchange, Appellant indicated he had never been represented by an attorney in courtroom litigation prior to this case. (2/10/09 Tr., p. 35.) After further cross-examination by Appellee's attorney, Appellant revealed that he had hired an attorney to represent him in a prior action against the Malvern Village Council, and that this lawyer litigated the matter both through the trial court process and through the appellate process. (2/10/09 Tr., pp. 42-43.) The trial

judge then asked Appellant why he misrepresented that he had never used an attorney to litigate a matter in court. (2/10/09 Tr., pp. 43-44.)

**{¶20}** Evid.R. 614(B) clearly permits a trial judge court to question a witness: "The court may interrogate witnesses, in an impartial manner, whether called by itself or by a party." It was evident at the motion to vacate hearing that Appellants' alleged excusable neglect and their basis for relief under Civ.R. 60(B) was that they had no experience with the legal system or with using an attorney in court, and that they did not know that all court notices were sent to the attorney rather than directly to them as the defendants. The trial judge's questions were directed at this issue, which is the central subject in this case. Nothing in this questioning constituted any type of error.

**{¶21}** Returning to the main question on appeal, Appellants contend that they established the elements for relief from judgment in the foreclosure action and that the confirmation of the foreclosure sale should be vacated. R.C. 2329.01 et seq. govern foreclosure executions. Once a foreclosure sale has been completed, the trial court is required by R.C. 2923.31 to confirm that the sale was made in conformity with R.C. 2329.01 to 2329.61. *Home Loan Fed. Mtge. Co. v. Langdon*, 4th Dist. No. No. 07AP12, 2008-Ohio-776, ¶16. "Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court." *Michigan Mortgage Corp. v. Oakley* (1980), 68 Ohio App.2d 83, 22 O.O.3d 76, 426 N.E.2d 1195, paragraph two of the syllabus. As stated earlier, an abuse of discretion implies that a court acted in an unreasonable, arbitrary, or unconscionable manner. *Blakemore*, supra, 5 Ohio St.3d at 219, 450 N.E.2d 1140.

**{¶22}** After a trial court issues a judgment of foreclosure, R.C. 2329.33 gives the debtor a final chance to redeem the foreclosed property prior to confirmation of the sale. R.C. 2329.33 states in full:

**{¶23}** "In sales of real estate on execution or order of sale, *at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas* to which such execution or order is returnable, *the amount of the judgment* or decree upon which such lands were sold, *with all costs, including poundage, and interest* at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit, except where the judgment creditor is the purchaser, the interest at such rate on the excess above his claim. The court of common pleas thereupon shall make an order setting aside such sale, and apply the deposit to the payment of such judgment or decree and costs, and award such interest to the purchaser, who shall receive from the officer making the sale the purchase money paid by him, and the interest from the clerk. This section does not take away the power of the court to set aside such sale for any reason for which it might have been set aside prior to April 16, 1888." (Emphasis added.)

**{¶24}** The right to redeem in R.C. 2329.33 is "absolute and may be validly exercised at any time prior to the confirmation of [the foreclosure] sale." *Women's Fed. Sav. Bank v. Pappadakes* (1988), 38 Ohio St.3d 143, 146, 527 N.E.2d 792. In order to effect the statutory right of redemption, the debtor must deposit the specified amount of money, including court costs and interest, with the clerk of court prior to confirmation of the sale. Id. A debtor's right to redeem property that is the subject of

sale in a foreclosure action expires on the trial court's confirmation of the sale. *Bates v. Postulate Invests., L.L.C.*, 8th Dist. No. 90099, 2008-Ohio-2815, ¶20.

**{¶25}** The purely statutory right of redemption is distinct from the much more traditional equitable right of redemption. The equitable right of redemption is generally terminated when the lienholder or mortgagee is granted a decree of foreclosure. *Hausman v. Dayton* (1995), 73 Ohio St.3d 671, 676, 653 N.E.2d 1190. The term "foreclosure" itself refers to a lender's or lienholder's right to foreclose an obligor's equitable right of redemption. *Bank of New York v. Dobbs*, 5th Dist. No. 2009-CA-000002, 2009-Ohio-4742, ¶47.

**{¶26}** Although the statutory right of redemption found in R.C. 2329.33 applies throughout the foreclosure proceedings all the way through to the day of the confirmation of the foreclosure sale, it is also customary in Ohio for the common pleas court to grant the obligor three days from the filing of the foreclosure judgment entry to exercise the equitable right of redemption and pay the debt directly to the creditor, with interest and court costs. Kuehnle and Levey, Baldwin's Ohio Practice, Real Estate Law (2010), Section 37:27; *Hausman*, supra, at 676. If the debt is not paid in that time, the obligor's equity of redemption will be foreclosed and an order of sale issued. In this particular case, it appears that the trial court did give Appellants this three-day grace period to pay Yeager the full amount of delinquent taxes plus all costs and interest. However, the debt was not paid within that time. Thus, the equitable right of redemption was foreclosed on October 28, 2007. As a result, this matter solely involves the statutory right of redemption found in R.C. 2329.33.

**{¶27}** In order to obtain relief under Civ.R. 60(B), Appellants must first establish that they have an adequate, meritorious defense to present if relief from judgment is granted. Appellants' defense is that they had sufficient funds to redeem the property and actually delivered those funds to Yeager prior to the confirmation of the foreclosure sale. Their defense is neither adequate nor meritorious, because Appellants delivered a check to the treasurer's office for only $2,464.42. The amount required here to satisfy the judgment plus costs, according to the confirmation of sale judgment entry, was well over $2,700. Although it appears that on this basis, alone, Appellants do not have an adequate, meritorious defense and fail the first part of the *GTE Automatic Electric, Inc.* test, because the trial court relied on its decision as to the second step of the test in order to overrule the motion to vacate, we will continue to review the matter as though Appellants might prevail on the threshold determination.

**{¶28}** The second prong of the *GTE Automatic Electric, Inc.* test requires that Appellants establish a basis for relief under one of the five sections of Civ.R. 60(B). Appellants attempted to prove to the court that they had a valid claim for relief based on excusable neglect pursuant to Civ.R. 60(B)(1). Appellant Thomas Davis claimed and claims that he did not understand court procedure, so that when he discovered there was to be a sheriff's sale of the property, he took it upon himself to contact the treasurer's office and find out what he owed. He testified that an employee from the treasurer's office told him the amount due, and he wrote a check for that amount payable to the treasurer. He contends that his attorney did not keep him informed of the status of the case until the day before the sheriff's sale, and that he made a

reasonable effort to redeem the property even though he failed to meet one of the statutory requirements because he delivered the check to the wrong office. He concludes that tendering his check to the treasurer's office instead of the clerk of court amounted to a reasonable mistake on his part and that he should have been permitted to correct the error and redeem the property from foreclosure.

{¶29} Appellants contend that resolution of their motion to vacate did not involve any credibility issues and that the trial court should have granted the motion as a matter of law. Appellants are mistaken in this contention. The trial court, in order to grant the motion, necessarily assessed the evidence and testimony of Appellant Thomas Davis. Based on Appellants' claims within their motion, the court was required to decide whether Appellants were so unfamiliar with the legal system and its procedures that their error in taking a check to the treasurer's office instead of contacting their attorney or making full payment to the clerk of court, as mandated by statute, was excusable neglect. The trial judge, as the trier of fact in this matter, was free to assess the credibility of witnesses and could believe or disbelieve all or part of any of the testimony. *In re Baby Girl Doe* (2002), 149 Ohio App.3d 717, 735, 778 N.E.2d 1053.

{¶30} It is abundantly clear from the record in this case that the trial court did not believe Appellant, who was the only witness at the motion hearing. Appellant gave the judge two completely different stories about his experience with litigation. He first said that this foreclosure action was his first experience with litigation. Then he admitted to the court that he had been involved in litigation against the Malvern Village Council; litigation that proceeded through the appellate process as well. See

*Davis v. Village of Malvern*, 7th Dist. No. 05 CA 829, 2006-Ohio-7061. Appellant eventually admitted that his attorney contacted him at various times during this litigation, that he had used the same attorney before, and that he did not file any type of malpractice action against the attorney for failure to properly defend against the foreclosure action. These many contradictions led the court to conclude that Appellant Thomas Davis was not being truthful. Hence, the court failed to find any evidence of excusable neglect, mistake, or any other grounds for relief stated in Civ.R. 60(B). Since the burden was on Appellants, as the movants, to show one of grounds for relief listed in Civ.R. 60(B), they failed in that burden by providing less than credible evidence to the court. It was within the trial court's discretion to overrule the Civ.R. 60(B) motion once it was clear to the court that Appellant was not being truthful. Appellants' assignments of error are therefore overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.