[Cite as *Gen. Elec. Credit Union v. Sosna*, 2024-Ohio-2920.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GENERAL ELECTRIC CREDIT UNION, | : | APPEAL NO. C-230389 |
| | | TRIAL NO. A-2002231 |
| Plaintiff, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| HAROLD SOSNA, | : | |
| and | : | |
| FAYE SOSNA, | : | |
| Defendants-Appellants, | : | |
| and | : | |
| FIFTH THIRD BANK, NATIONAL ASSOCIATION, | : | |
| Defendant-Appellee/Cross-Claimant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 2, 2024

*Statman Harris LLC*, *Alan J. Statman* and *William B. Fecher*, for Defendants-Appellants,

*Dinsmore & Shohl LLP*, *Shannon O'Connell Egan* and *Harry W. Cappel*, for Defendant-Appellee/Cross-Claimant.

**BERGERON, Judge.**

{¶1}   Defendants-appellants Harold and Faye Sosna ("the Sosnas") want to stay in their home, but they did not make the payments required to keep up with their mortgage obligations.  The mortgagee, defendant-appellee Fifth Third Bank, National Association, ("Fifth Third") accordingly obtained a decree of foreclosure and grant of summary judgment from the trial court that included the principal and interest amounts owed by the Sosnas.  Because the order identified other categories of costs due but did not specify those amounts, the Sosnas appealed, insisting that they could not exercise their equitable right to redeem the property without more information and that the trial court effectively eliminated the right in its entirety.  But the Sosnas mischaracterize what happened below.  Based on Supreme Court of Ohio precedent, the function of the equity of redemption, and the Sosnas' failure to pursue it, we see no infirmity in the trial court's decision, and thus we affirm its judgment.

I.

{¶2}   The Sosnas obtained a $4,200,000 mortgage loan from Fifth Third in January 2014, evidenced by a promissory note and a mortgage and secured by the Sosnas' property in Cincinnati.  Plaintiff-appellee General Electric Credit Union filed for foreclosure on the property in June 2020, naming Fifth Third as a potential interested party due to its mortgage on the property.  Fifth Third then filed a crossclaim against Prime Alliance Bank because of its potential interest in the property, and that bank failed to answer or respond.

{¶3}   In July 2022, Fifth Third provided the Sosnas a payoff quote for the loan in response to a discovery request.  It quoted the Sosnas a total of $4,329,468.44, which included itemized amounts for the principal, interest, escrow advance, a late

2

charge, and the costs of recording, inspection, title, foreclosure, and "property value costs." The quote also included a $458.88 daily interest accrual rate, indicating that it remained good through July 29, 2022, and noted that the Sosnas could contact Fifth Third for an updated quote beyond that date.

{¶4} Upon Fifth Third's motion for summary judgment, a magistrate issued a decision in October 2022 granting its motion and declaring Fifth Third's right to foreclose the Sosnas' equity of redemption, sometimes described as equitable right of redemption. In that order, the magistrate notified the Sosnas that they had the ability to redeem the property by paying the sums due to Fifth Third at any time up through three days after the trial court adopts her decision. It specified that the Sosnas owed Fifth Third $3,722,010.70 in principal plus interest at the rate of 4.25 percent per annum from May 1, 2020, and added that the Sosnas also owed:

> all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments, property preservation, and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, to be proven via the confirmation of sale, including costs associated with the title work on its Cross-Claim, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

The Sosnas now acknowledge that they were "first judicially informed of their right to equitably redeem their property" when the magistrate issued her decision in October.

{¶5} Over half a year later, the trial court followed suit in July 2023, entering summary judgment for Fifth Third against the Sosnas, finding that they were in default for failure to make payments due under the note and mortgage. It also held that Fifth

Third's interest in the property was superior and senior in priority to that of General Electric Credit Union and that Fifth Third was entitled to a default judgment on its crossclaim against Prime Alliance Bank for its failure to answer or respond. It restated the same sums and categories of costs due to Fifth Third as detailed in the magistrate's decision, reiterating the Sosnas' equitable right to redeem the property within three days of the final order. The Sosnas now appeal.

II.

{¶6} The Sosnas argue that the trial court's foreclosure and summary judgment order is not final and appealable and that the cause should be remanded because the court did not itemize all of the amounts due for the various categories of costs it listed, thereby depriving them of their equitable right of redemption. They raise a single assignment of error regarding the finality of the order and do not appeal the trial court's grant of summary judgment to Fifth Third. Although General Electric Credit Union was named as an appellee, it did not file a brief, it is not a party to this appeal, and its interests seem largely unaffected by this appeal.

{¶7} A challenge to a judgment entry and decree of foreclosure on the ground that it inadequately defines the mortgagor's responsibilities and thus prejudices the mortgagor's ability to exercise their right of redemption is typically reviewed through the lens of finality. *See CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10-12. The ultimate test, then, is whether the judgment order constitutes a final appealable order under the relevant statute, R.C. 2505.02. *See id.* R.C. 2505.02(B)(1) provides, in relevant part, that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it

4

is * * *: (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶8} In *CitiMortgage*, the Supreme Court of Ohio held "that a judgment decree in foreclosure that includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance but does not include specific itemization of those amounts in the judgment is a final, appealable order pursuant to R.C. 2505.02(B)(1)." *CitiMortgage* at ¶ 19. The order must also "address the rights of all lienholders and the responsibilities of the mortgagor." *Id.* at ¶ 20. In *CitiMortgage*, the order in question met these criteria, and thus it constituted a final and appealable order because "all that remained was for the trial court to perform the ministerial task of calculating the final amounts that would arise during confirmation proceedings." *Id.*

{¶9} Fifth Third argues that *CitiMortgage* effectively forecloses the Sosnas' appeal, but the Sosnas correctly observe that the *CitiMortgage* court only considered an argument that the unspecified amounts affected the defendant's *statutory* right of redemption, which is distinct from the *equitable* right of redemption that they feature in this appeal. *See id.* at ¶ 26-30. However, as we explain further in this opinion, the Sosnas fail to show how the finality determination differs between the statutory and equitable rights, at least on the state of the present record.

{¶10} We first must explicate the distinction between the equitable right and the statutory right. "In Ohio, a mortgagor's right to redeem is 'absolute and may be validly exercised at any time prior to the confirmation of sale.'" *Hausman v. City of Dayton*, 73 Ohio St.3d 671, 676, 653 N.E.2d 1190 (1995), quoting *Women's Fed. Savs. Bank v. Pappadakes*, 38 Ohio St.3d 143, 146, 527 N.E.2d 792 (1988). The right to

redeem arises both from equity and by statute. The equity of redemption "is a right, retained by the mortgagor, to perform the mortgage obligation after default and to thereby 'redeem' his title from the mortgage conveyance." *Hembree v. Mid-America Fed. S. & L. Assn.*, 64 Ohio App.3d 144, 156, 580 N.E.2d 1103 (2d Dist.1989). It arises upon the mortgagor's default, and the right "is typically cut off once a mortgagee seeks and is granted a decree of foreclosure." *Hausman* at 676. Courts typically "grant[] the mortgagor a three-day grace period to exercise the 'equity of redemption,' which consists of paying the debt, interest and court costs, to prevent the sale of the property." *Id.*, citing Hausser & Van Aken, *Ohio Real Estate Law and Practice*, Section 53.01(D), 744 (1993). "The term 'foreclosure' itself refers to a lender's or lienholder's right to foreclose an obligor's equitable right of redemption." *Yeager v. Davis*, 7th Dist. Carroll No. 09 CA 859, 2010-Ohio-4866, ¶ 25, citing *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, ¶ 47.

{¶11} By contrast, the statutory right of redemption emanates from R.C. 2329.33, which provides:

> In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs * * *. The court of common pleas thereupon shall make an order setting aside such sale[.]

{¶12} In sum, the common law equitable right of redemption arises upon default and continues through the trial court's final decree of foreclosure, typically

6

with a three-day grace period, while Ohio's statutory right of redemption continues past the decree of foreclosure and allows for redemption "at any time before the confirmation" of sale. R.C. 2329.33.

**{¶13}** The defendants in *CitiMortgage* maintained that holding the order and decree of foreclosure final and appealable even though it did not specify all amounts due would extinguish the statutory right of redemption because the order left defendants "wholly dependent upon the mortgagee bank to determine the redemption amount." *CitiMortgage*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, at ¶ 28. The court soundly rejected that argument, observing that "there is no evidence before us that unscrupulous mortgagees will willfully withhold" information mortgagors may need regarding final amounts owed. *Id.* at ¶ 29. It further instructed that "any concerns about a mortgagee's failure to cooperate with providing accounts of costs necessary to determine the redemption amount may be brought before the trial court." *Id.*

**{¶14}** The court's holding and logic map neatly onto the appeal before us. Like the final order in *CitiMortgage*, the trial court's order here included all the necessary elements for finality: it established that Fifth Third's mortgage was senior and superior to the interests of the other stakeholders, and it included the principal amount, the interest rate, the date from which to calculate interest, and the other cost categories owed to Fifth Third. *See id.* at ¶ 22 (holding that the trial court's judgment is final and appealable where it "forecloses on the mortgage, sets forth the principal sum and interest accrued on the note, and lists the categories for future expenses for which the [defendants] will be liable"); *see also Parkview Fed. Savs. Bank v. Grimm*, 8th Dist. Cuyahoga No. 93899, 2010-Ohio-5005, ¶ 60 ("[A] judgment entry [is] clearly

7

ascertainable and not vague when it state[s] the principal amount due, the applicable interest rate, and the exact date from which the interest [is] to be calculated. * * * Trial courts are not required to state the exact amount due because that amount is constantly changing as interest accrues.").

{¶15} Furthermore, the Sosnas cite no case law where courts have treated the equitable right of redemption separately from the statutory right in terms of what information is needed in a judgment entry and decree of foreclosure for finality purposes, and we see no reason to create a novel distinction between the two. The equitable right and the statutory right work in tandem and, to some extent, overlap. If the Sosnas wished to exercise their right of redemption prior to the final decree of foreclosure or within the three-day grace period, they simply should have taken some action to do so. But rather than making a payment, contacting Fifth Third for an updated payoff quote, or seeking clarification from the trial court about any of their obligations, the Sosnas ran out the clock (and overtime) on the equitable right and cried foul. They raised no assignment of error regarding the trial court's management of discovery proceedings through which they could have (and apparently did) obtain necessary information from Fifth Third. *See CitiMortgage* at ¶ 29. In fact, they concede they were aware of their right to redeem as of the magistrate's October 2022 order, and that order itself explained that they could redeem up through three days after the trial court's final order, which came nine months later.

{¶16} Even with the extra opportunity to redeem that the statutory right afforded them, nothing in the record shows that the Sosnas ever took any action to exercise it. And their argument that they declined to pursue the statutory right because it would have resulted in higher accumulated costs and interest falls flat

8

considering their lack of effort to redeem up through the foreclosure of their equitable right. Regardless, the *CitiMortgage* court unambiguously held that waiting to calculate the final cost amounts beyond the principal and interest for the purpose of exercising the statutory right "during confirmation proceedings" had no ill effects on that right. *CitiMortgage*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, at ¶ 20. And we cannot see how adhering to the holding in *CitiMortgage* in the context of the equitable right prejudices the Sosnas in any conceivable way, especially given their inaction in pursuing it and the lack of any error assigned to the discovery proceedings. If the Sosnas wanted to exercise the right, the proper course was to contact Fifth Third for an updated payoff quote and to bring "before the trial court" "any concerns about [Fifth Third]'s failure to cooperate" or any dispute about the quoted amounts. *See id.* at ¶ 29. Without any effort shown to do so, we fail to see how the trial court's order improperly deprived them of their equity of redemption.

{¶17} Ultimately, because the court's order conforms to the requirements of R.C. 2505.02(B)(1) as described in *CitiMortgage*, we conclude that it was final and appealable, and we overrule the Sosnas' sole assignment of error.

* * *

{¶18} In sum, we conclude that the trial court's final decree of foreclosure and grant of summary judgment to Fifth Third was final and appealable and appropriately foreclosed the Sosnas' equitable right of redemption. We further conclude that the Sosnas faced no prejudice from the order's lack of itemization beyond the principal and interest amounts owed. We thus overrule the Sosnas' sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

9

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.


Please note:

      The court has recorded its entry on the date of the release of this opinion.